TEXAS EMPLOYERS' INSURANCE ASSOCIATION v. D. E. MARSDEN.

Motion No. 13404. Decided March 30, 1938.
(114 S. W., 2d Series, 858.)

*Lawther & Cramer* and *Wm. M. Cramer,* all of Dallas, for plaintiff in error.

*Frank S. Roberts,* of Breckenridge, for defendant in error.

PER CURIAM.

This is a compensation case. Defendant in error, D. E. Marsden, was injured in the course of his employment. The Industrial Accident Board awarded him compensation on the basis of total permanent disability. Texas Employers' Insurance Association, the insurance carrier, appealed to the district court and prayed. that the award be set aside. Defendant in error answered, and filed a cross action, in which he set up claim for compensation on the basis of total permanent disability. Plaintiff in error filed no answer to the cross action. The case was one of hernia arising in the course of employment, and the Association refused to furnish an operation. In the district court the case was tried and hotly contested on the question of total permanent disability, just as if a general denial had been entered by the Association. All issues which the Association would have been entitled to have submitted, if it had filed a general denial, were submitted and answered by the jury, including issues concerning partial disability. Judgment was rendered in the district court in favor of the claimant on the basis of total permanent disability. The facts, as well as the findings of the jury, fully authorized such judgment. The Court of Civil Appeals affirmed the judgment of the trial court, holding that by its failure to file a general denial to defendant in error's cross action, the plaintiff in error admitted all material allegations in such cross action; and refused to consider any of the assignments of plaintiff in error. 111 S. W. (2d) 1138.

Upon original consideration we refused writ of error. On motion for rehearing we have carefully reconsidered the question, and are of the opinion that the Court of Civil Appeals was in error in its holding. We think the record clearly discloses that the case was tried in the district court by all parties as if plaintiff in error had filed a general denial to the cross action. Regardless of whether or not it was, under strict tech-

nical rules, required to answer the cross action, we think that such answer was waived, and the parties proceeded upon the theory that there had been a general denial entered.

We have therefore given careful consideration to the application for writ of error, as well as plaintiffs in error's brief in the Court of Civil Appeals, and have reached the conclusion that there is no reversible error presented. If writ of error was granted on the question of the alleged error of the Court of Civil Appeals, the judgment would nevertheless be affirmed.

The motion for rehearing is granted, the order refusing writ of error is set aside; and the application is now dismissed for want of jurisdiction.

Opinion delivered March 30, 1938.