**DARDEN v. WHITE.**

No. 2546.

Court of Civil Appeals of Texas. Eastland.

June 21, 1946.

Rehearing Denied July 22, 1946.

Scarborough, Yates & Scarborough, of Abilene, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

GRAY, Justice.

This is a suit in trespass to try title filed in the District Court of Taylor County by Mae White, appellee, against R. S. Darden, Jr., for recovery of 271 acres of land, more or less, situated in said county. The petition was in ordinary statutory form, and the answer was a plea of not guilty and plea of limitation of ten years. The case was tried to a jury and the court submitted only two issues: (a) As to whether

appellant had been in peaceable, adverse and continuous possession of the land in controversy, cultivating, using and enjoying the same for a period of ten consecutive years prior to the 15th day of January, 1945. This issue was answered "No" by the jury; and (b) whether H. F. Darden (the common source of title) was the tenant in possession of said lands from the time he deeded same to plaintiff, appellee here, to the date of his death in 1944, to which issue the jury answered "Yes." Upon the answers to said issues by the jury the court rendered judgment for appellee. It was stipulated as follows: (1) That H. F. Darden was the common source of title, and that he was a bachelor; (2) that by general warranty deed, regular in every way, dated October 13, 1931, filed for record on November 7, 1931, he conveyed the lands in controversy to Mae White and Josie Hogan for a recited consideration of Three Thousand Five Hundred Dollars cash and the assumption by grantees of a loan of Fifteen Hundred Dollars and accrued interest against the east 160 acres of the property; (3) that on March 20, 1934, said Mae White and Josie Hogan executed a deed of trust to the Federal Land Bank at Houston in renewal and extension of said assumed loan, which was increased to $2,000 to cover some accrued taxes and for improvements; (4) that on October 10, 1934, Josie Hogan, a single woman, conveyed to Mae White all her interest in said property; (5) that on May 21, 1936, Mae White executed an oil and gas lease on the property, the lease money being paid to her; (6) that on December 29, 1944, said Mae White discharged in full the loan held by the Federal Land Bank of Houston.

The above stipulations are set out as showing the character of title held by said Mae White. It was further in evidence that said H. F. Darden remained in possession of said premises as tenant of said Mae White, and paying rent thereon until his death on January 7, 1944. It was further shown that appellant, R. S. Darden, moved into the house with H. F. Darden about January 5, 1935, and lived with said H. F. Darden continuously until the latter's death.

■■ Appellant's first point alleges error by the trial court in permitting appellee to amend her pleadings after verdict of the jury. The original pleadings alleged ouster as of October 10, 1934, which was prior to date of occupancy claimed by appellant. This matter seemed to have been overlooked by all parties until appellant filed his motion for new trial. Appellant, whether cognizant of the discrepancy or not, wholly failed to point out the defect by exception or otherwise. Appellee claimed that it was merely a mistake, oversight or typographical error and that October 10, 1944, was the date intended. Appellant's proof showed his possession to have begun January 5, 1935, and the case was tried upon that theory. The pleadings and evidence were sufficient basis for the issues submitted. Rule 67, Rules of Civil Procedure, relating to amendment of pleadings to conform to the issues upon which cases are actually tried, states the same to be permissible before submission of the case to the court or jury. Yet this statement follows: "But failure so to amend shall not affect the result of the trial of those issues. We think that irrespective of any amendment, appellant would not be in position to complain. See Rules 62 and 66. Furthermore, we think that the alleged defect was waived by appellant. Rule 90 is as follows:

"Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered." See Texas Employers' Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858.

And Rule 91:

"A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other in-

sufficiency in the allegations in the pleading excepted to."

We overrule appellant's first point. See Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999 and authorities cited; Vance et al. v. Batterton et al., Tex.Civ.App., 187 S.W.2d 247; Shotwell v. Phillips, Tex.Civ. App., 180 S.W.2d 223; Texas Osage Co-op. Royalty Pool et al. v. Kemper et ux., Tex. Civ.App., 170 S.W.2d 849, writ ref.

In his second, third and fourth points appellant complains of the exclusion by the trial court of proffered evidence that Mrs. R. S. Darden, Jr., cooked the meals of said H. F. Darden while they lived together, washed his clothes, mended his clothes, made up his bed and kept it clear, which testimony was offered for the purpose of showing agreement of the defendant (appellant) as to possession and ownership and in support of his plea of ten years' limitation. Objection was made to the introduction of this testimony as being hearsay as to appellee, immaterial and inadmissible for any purpose, prejudicial, not material to the issue of peaceable and adverse possession of the land for ten years and in contravention of Article 3716, the "Dead Man's Statute." There was sharp controversy as to whether the said transactions with H. F. Darden, deceased, were such as to be inhibited by Article 3716. Both appellant and appellee were shown to have been related to him, but from the meager evidence on the matter of heirship, we cannot say whether either would have inherited anything from him if he died intestate. But appellee sued and relied on her record title and incidental acts of ownership, improvements and possession. Appellant defended on the ground of ten years' limitation, and neither sued nor defended as an heir. That being true, we do not understand how the proffered testimony was admissible or material upon any theory. Mrs. R. S. Darden, the witness, was the wife of appellant and would have shared in any recovery made by him. Her testimony would, therefore, have been self-serving. Appellant and the witness lived with H. F. Darden, who was old and feeble. The alleged services rendered were purely personal and would have had no probative force to prove hostile and adverse possession of the land as against Miss Mae White, who held the legal title and was shown to have been collecting rents during the time from H. F. Darden. Certainly a court and jury would not be justified under the law in divesting a record title holder of her title and vesting the title in another on this character of evidence. Appellee was in no way bound by such personal services. We overrule the second, third and fourth points.

In other assignments appellant complains of the exclusion by the trial court of proffered testimony by appellant and his wife, as to an alleged parol gift of the land by said H. F. Darden to appellant at the time appellant moved onto the land. Objection made to this testimony was that it was pure hearsay as to appellee, who was not present and in no way bound by such alleged gift; that there were no pleadings as to a parol gift and no pleadings or proof as to valuable improvements made by appellant; and as in contravention of said Article 3716 and the statute of frauds. Evidently appellant sought admission of this evidence under his plea of not guilty. We hold that as to appellee it was hearsay. But it was clearly inadmissible on other grounds. Said H. F. Darden had several years prior thereto conveyed the said property to appellee and Josie Hogan, who thereafter conveyed her interest to appellee. They were delivered possession, paid the mortgage against the land, made valuable improvements thereon, rendered and paid all taxes on same, executed an oil and gas lease, collected rentals from H. F. Darden and exercised ownership and dominion over same until the death of their grantor many years afterward. Said H. F. Darden could not impeach the title which he had passed to his grantees. His voluntary act in conveying the land estopped him from making declarations in the absence of appellee and without her knowledge calculated to defeat her title. In the case of Smith et al. v. James et al., Tex.Civ.App., 42 S.W. 792, it is said:

"The first assignment of error complains of the action of the court in not per-

mitting H. P. Drought to testify as to statements made to him by H. B. Andrews, deceased, as to the purpose for which the loan was being made, and as to his title to the land. As to the executors, the 'evidence was inadmissible, by reason of the provisions of Article 2302, Rev.St.1895 [Vernon's Ann.Civ.St. art. 3716], which prohibits the introduction of such testimony in action 'by or against executors,' administrators and guardians. The testimony was hearsay and was properly excluded on that ground. The declarations desired to be introduced were made long after the execution of the deed to Benjamin Andrews, and after he had gone into possession of the land. The declarations of a vendor, made after a sale, and without the presence or knowledge of the vendee, cannot be received in evidence to defeat the title of the vendee to the property conveyed."

In the case of Warren et al. v. Humphreys, Tex.Civ.App., 274 S.W. 250, it is said:

"Appellants complain of the trial court's action in excluding testimony of Adeline Warren and Addie Henderson as to what Dave Warren, deceased, told them with reference to his interest and his claim in the property. Said witnesses, if they had been permitted, would have testified, in effect, that Dave Warren, during his lifetime, told them that the land was his separate estate; that he had purchased and paid for same. The trial court did not commit error in excluding this testimony. It was self-serving declarations and hearsay, and clearly inadmissible for any purpose. Statements made by a party against interests are admissible against him, but any statements made by him which are self-serving are not admissible, and the fact that the party is dead does not change the rule," then citing many authorities.

In 17 Tex.Jur. page 520, sec. 210, it is said:

"Hearsay evidence is incompetent to establish any fact which is in its nature susceptible of being proved by witnesses who speak from their own knowledge. The fact that it supposes some better testimony which might be adduced in the particular case is not the sole ground of its exclusion; its intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practiced under its cover, combine to support the rule that it is inadmissible. Not only is it not the best evidence; it is not even secondary evidence; it is no evidence."

In 17 Tex.Jur. page 521, it is said:

"Hearsay evidence is no evidence at all. Whether admitted over or without objection, it is incompetent and without probative force, and should be disregarded by the trial court, and will not support a verdict by a jury nor a finding of fact by a court, nor can it be considered by or form the basis of a finding of fact in an appellate court. It is not even competent as secondary evidence. And it gains no vitality from the fact that it was repeated by the party offering it to the opposite party or his agent."

We think that the proffered testimony was self-serving as to H. F. Darden, hearsay as to appellee and inadmissible on any theory. See also, Averitt et al. v. Warren et al., Tex.Civ.App., 125 S.W.2d 691, and authorities therein cited.

Furthermore, to avoid the plain language of Article 1288, the party claiming under a parol gift of land must have been placed in possession of the land and have made valuable improvements thereon. 21 Tex.Jur. 36, and authorities cited; Turner et al. v. Rogers, Tex.Civ.App., 106 S.W.2d 1078, and authorities cited. Appellant neither claimed nor offered to prove that he had made valuable improvements on the property involved. The jury found that said H. F. Darden, the alleged donor, did not own the property, but was a tenant of appellee. He was, therefore, not in position to make the alleged parol gift of the land to appellant. Appellant became merely a sub-tenant of H. F. Darden.

In the seventh, eighth and ninth points appellant complains of the exclusion by the trial court of proffered testimony by himself and wife, Mrs. R. S. Darden, Jr., as to alleged declarations of H. F. Darden concerning the conveyance of the

land to appellee et al. on November 7, 1931, the contention being that said deed was not a bona fide conveyance, but was made to place said land beyond the reach of judgment creditors. As hereinabove stated, said grantor could not impeach the title he had passed to his vendees. There is no evidence or suggestion that any judgment creditor ever attacked the said conveyance as being in derogation of their rights. There was no pleading that appellee held the legal title merely as a trustee. There was no evidence of an agreement to reconvey. H. F. Darden acknowledged her title by paying rents to her on the property and in numerous other ways. To constitute a deed, regular on its face, as nevertheless creating a trust, the proof must be clear, certain and conclusive. 42 Tex.Jur. pages 686-689, sections 75, 76. Moreover, the alleged declarations of the deceased were self-serving, made out of the presence of appellee and hearsay as to her and not admissible for any purpose.

The judgment of the trial court is affirmed.