MUTUAL FIRE & AUTOMOBILE INS. CO.
v. KIRKMAN.

No. 2799.

Court of Civil Appeals of Texas. Eastland.
April 28, 1950.

Rehearing Denied June 9, 1950.

John Touchstone, Dallas, for appellant.

Levie Old, Brownwood, for appellee.

GRISSOM, Chief Justice.

W. E. Kirkman sued Mutual Fire & Automobile Insurance Company in Brown County on a fire insurance policy covering a caterpillar tractor. Kirkman alleged that said insurance company executed a policy insuring him against loss of his tractor by fire; that it was destroyed by fire in Brown County and his loss was $3,000.00. The in-

surance company filed a plea of privilege to be sued in Dallas County. Kirkman filed a controverting affidavit in which he alleged the cause of action arose in Brown County; that said company was a corporation, and that venue was in Brown County under exception 23, Article 1995, Vernon's Ann.Civ. St. Upon a trial to the court the plea of privilege was overruled and the insurance company has appealed. The appellee has not filed a brief.

Appellant admitted that it was a corporation engaged in writing fire insurance on motor vehicles and that the policy sued on was issued. Appellant's admission contained the following statement: "It further alleges that it is a corporation existing under the Mutual Assessment Plan." Appellant contends that 28a, Article 1995, is the only exception applicable to a Statewide Mutual Assessment Company and that appellee has failed to plead or prove a case within that exception and, therefore, the judgment should be reversed and the cause transferred to Dallas County. Said exception provides: "In all actions brought against Fraternal Benefit Societies and/or Statewide Mutual Assessment Companies, regardless of the plan upon which they operate and whether incorporated or not, growing out of or based upon any alleged right or claim or loss or proceeds due, arising from or predicated upon any policy or contract issued or made by such Fraternal Benefit Society and/or Statewide Mutual Assessment Companies, venue shall lie in the county where the policyholder or beneficiary instituting such suit resides or in the county of the principal office of such association or where such cause of action arose."

The record does not conclusively show that appellant is a Statewide Mutual Assessment Company. See Underwriters Life Ins. Co. v. Bornemann, Tex.Civ.App., 141 S.W.2d 1005, 1007. Appellee specifically alleged venue was in Brown County under exception 23, Article 1995. However, appellee alleged his cause of action arose in Brown County. If he proved this allegation, venue was established in Brown County under exception 28a. Edmonson v. Underwriters Life Ins. Co., Tex.Civ.App., 153 S.W.2d 236, 237.

Venue was established in Brown County under exception 23 by allegation and proof that appellant is a private corporation and that part of appellee's cause of action arose in Brown County, unless appellant is (1) a Statewide Mutual Assessment Company and (2) venue as to such a company is governed exclusively by exception 28a. The provision that "venue shall *lie*" in the county where the cause of action arose, etc., merely signifies an intention to give a plaintiff the legal right, if he chooses, to maintain such a suit there. National Life Company v. Rice, 140 Tex. 315, 167 S.W. 2d 1021, 1024. This language is not equivalent to the command that the suit "must be brought" in a certain county, as such phrase is used in some exceptions to Article 1995. See Bachus v. Foster, 132 Tex. 183, 122 S.W.2d 1058, 1060; Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867 and Hodges v. Coke County, Tex.Civ.App., 196 S.W.2d 935. We have been cited to no special venue statute, nor have we found one, that comes within exception 30, Article 1995, which requires that a suit against such a fire insurance company as appellant be brought in a certain county. We are of the opinion that 28a is not the only exception applicable to such a suit. The judgment should be sustained under a presumed finding that appellant is a private corporation and that, at least, a part of appellee's cause of action arose in Brown County. Union Trust Estate v. Orr, Tex.Civ.App., 3 S.W. 2d 472, 474; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533. The tractor was destroyed by fire in Brown County.

Appellant contends that appellee did not prove that a cause of action "arose" in Brown County, or elsewhere, because he did not prove that the insured tractor was registered and that he obtained a certificate of title thereto. Appellant relies upon the Certificate of Title Law, Article 1436—1, Vernon's Ann.P.C., and, particularly, Sections 52 and 53 which make it unlawful to

buy a motor vehicle "registered or licensed in this State" without then and there demanding of the seller the registration receipt and certificate of title and further providing that all sales made in violation of said act "shall be void and no title shall pass * * *." We do not think these provisions are applicable to the insured tractor.

Appellant further contends that appellee proved no cause of action, and has none, because of the provision in the policy that it should not apply while the "automobile" was subject to a mortgage not described in the policy. The tractor was mortgaged. The mortgage was not described in the policy. Appellee testified that appellant's agent, who countersigned the policy and delivered it to Kirkman, was informed of all the facts relative to the mortgage and told appellee it was not necessary to mention the mortgage in the policy because the mortgagee did not desire it. There was no objection to such testimony. There was no occasion for appellee to plead waiver or estoppel at this stage of the proceeding because there was no pleading by appellant to which such a plea would be applicable. It was, of course, necessary that appellee allege and prove a cause of action. He alleged that the policy was in effect when the tractor burned and that the cause of action alleged in his petition arose in Brown County. Issues as to estoppel or waiver were, presumably, tried without objection and determined in appellee's favor. R.C.P. 67; Strong v. Garrett, Tex.Sup., 224 S.W.2d 471, 477; Texas Employers Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858; 23 Tex.Law Rev. 396; Buchanan v. Jean, 141 Tex. 401, 404, 172 S.W.2d 688, 689; Victoria Bank & Trust Co. v. Monteith, Chief Justice, 138 Tex. 216, 158 S.W.2d 63, 69.

We conclude that appellee proved a cause of action, a part of which, at least, arose in Brown County.

The judgment is affirmed.

## On Motion for Rehearing

Appellant insists that we erred in holding that issues of waiver and estoppel were, presumably, tried without objection. Appellee testified that he informed the agent who issued the policy of the existence of a mortgage on his tractor and that the agent said it was not necessary to describe the mortgage in the policy because the mortgagee did not desire it. To the question whether appellee informed the agent of, the existence of the mortgage appellant did object on the ground that appellant had no knowledge of it; that the policy spoke for itself and "that they were trying to recover on the policy, which shows no mortgage." Whether or not we were mistaken in this conclusion, we have concluded that the judgment should be affirmed.

The applicability of the exception from liability, because the mortgage was not described in the policy, was not material on a hearing of the plea of privilege. Although appellant was required to allege and prove a cause of action and that said cause arose, at least, in part in Brown County, the applicability of this exception from liability under the policy was not a venue issue. Appellee alleged and proved issuance of a policy on his tractor insuring him against loss by fire and that the tractor was destroyed by fire in Brown County. R.C.P. 94 provides that the burden of alleging an exception from liability in a suit on an insurance policy is upon the insurer. It provides that the insurer shall not be permitted to raise such an issue unless it specifically alleges that the loss was due to a risk or cause coming within such particular exception to general liability. Until an insurer has so alleged the insured does not now have the burden of proving the inapplicability of such an exception from liability in the policy because of waiver of such provision, estoppel to assert such a defense, or for any other reason.

Appellant's motion for rehearing is overruled.