**V. E. BAKER et ux., Appellants,**

**v.**

**FAYETTE COUNTY, Texas, et al.,**
**Appellees.**

No. 10449.

Court of Civil Appeals of Texas.

Austin.

Jan. 23, 1957.

C. C. Jopling, La Grange, for appellants.

Joe P. Hart, La Grange, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment that appellants take nothing.

The suit was instituted by appellants against Fayette County and the Texas State Highway Department in trespass to try title to a strip of land 20 feet wide and 157 feet long abutting Highway No. 71.

The Highway Department filed its general denial, but made no further appearance. Fayette County filed its exceptions, general denial, special answer claiming the land under a deed from John H. and Ella Henderson, and in the alternative that if appellants recovered title to the property that it be condemned for highway purposes. Appellants in a supplemental petition admitted appellees' right to condemn, and sought compensation for the property condemned and for damages to the remaining tract. During the trial appellants were given leave to file a trial amendment that they owned and held at least a life estate in the property.

The trial was had to a jury and in answer to the issues the Court rendered judgment that appellants take nothing.

The appeal is before this Court on ten assignments of error and are to the effect that it was error to permit certain witnesses for appellees to testify as to statements made by John H. Henderson and Ella Henderson regarding their ownership in the land and Baker's rights, if any, made out of the presence of appellants and over the seasonable objections of appellants.

In overruling appellants' Motion for a New Trial because as a matter of law appellants owned no less than a life estate in the property; that the answer to Special Issue No. 1 is so against the greater preponderance of the admissible testimony that it would be wrong and unjust to permit such answer to stand; that appellants were denied a fair and impartial trial; that the effort of the appellees to offer evidence as to attempts to compromise the difference were so prejudicial to appellants' rights as to make it impossible for them to obtain a fair trial.

█ During the trial appellees' witnesses, W. L. Patrick, District Engineer, Wallace Cherry, County Commissioner and H. J. Schovajsa, County Judge, were permitted, over the objections of appellants, to testify as to statements made by the Hendersons as declarations against interest, the Court admitted the testimony on the question of the intention of the donors.

The gist of the statements claimed to have been made was that the Hendersons claim the property and that they had given their son permission to build on the property, but had not given him the property. The conversations with the Hendersons were restated by the witnesses at length. These conversations were had out of the hearing and presence of either or both of appellants and were not admissible, and the Court erred in permitting such testimony to go before the jury.

█ The alleged statements of the Hendersons were self-serving declarations and in their interest and were not admissible as against appellants. Tex.Jur. Vol. 17, p. 554, Sec. 229 et seq.; Reynolds v. Porter, Tex.Civ.App., 54 S.W.2d 1086; Darden v. White, Tex.Civ.App., 195 S.W.2d 1009; Fenley v. Ogletree, Tex.Civ.App., 277 S.W. 2d 135; Chenoworth v. Flannery, Tex.Civ. App., 202 S.W.2d 480.

On direct examination John H. Henderson testified that he gave Baker the right to live on the land all of his life, but not to sell; that Baker was given full possession to do with it as he wanted, to build any kind of a house, plant flowers or garden; on cross examination the witness testified that he gave them a lifetime home. Mrs. John Henderson testified that Baker could build on the land and live there as long as he lived, and after his death the property would go to his children.

Mr. Baker testified that his mother and stepfather, Mr. and Mrs. John H. Henderson, gave him the tract of land about 7½ years prior to the trial; that he fenced it, filled it in and dug a well and constructed a four room house on it and had lived in it ever since.

Mrs. Baker testified as to the gift of the property and the improvements made; that the land was to be the Bakers as long as they lived and then to their children, but the land could not be sold.

█ Special Issue No. 1 inquired of the jury if sometime during the year 1949 John and Ella Henderson gave V. E. Baker and Maude Baker a life estate to the .39 of an acre of land, to which the jury answered no.

Without the testimony given by appellees' witnesses as to the statements made by the Hendersons, the testimony is so against the weight and greater preponderance of the evidence as to be unjust to permit the jury finding to stand.

The judgment of the Trial Court is reversed and the cause is remanded.

Reversed and remanded.