**EMPLOYERS CASUALTY COMPANY,**
Appellant,

v.

**W. W. WEST, Appellee.**

**No. 7400.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 5, 1964.

Rehearing Denied Nov. 2, 1964.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Stovall & Stovall, Plainview, for appellee.

DENTON, Chief Justice.

This is a venue case. The suit was brought by W. W. West, appellee, against Employers Casualty Company to recover damages as a result of the alleged breach by appellant of a contract of insurance issued by appellant company to appellee. The alleged breach is based on alleged fraudulent acts committed by appellant in failing to settle a third-party claim and its refusal to defend and pay a subsequent judgment obtained by the third party against appellee. From an order overruling its plea of privilege to be sued in Dallas County appellant perfected this appeal.

By appellant's seven points of error it is contended the trial court erred in overruling its plea of privilege because of appellee's failure to prove his cause of action; and that appellee has no cause of action for the reason appellee's loss was based on contractual liability rather than tort liability. Appellee sought to maintain this suit in Floyd County under the section of Subdivision 23, Article 1995, Vernon's Ann.Tex.St., which provides that a suit against a private corporation may be brought in the county in which the cause of action or part thereof arose. By supplemental brief appellant contends the instrument offered by appellee as the insurance policy involved was not in fact the basic policy of insurance issued by appellant. In the absence of an instrument with which to compare, we are unable to say categorically that appellant is either correct or incorrect; however, the instrument introduced appears to contain the essential elements of a liability policy. It is headed

"Comprehensive General Liability Policy" with a policy number; and sets out appellee's name and address; and gives the policy period from September 1, 1956, to September 1, 1957. The instrument sets out limits of liability for bodily injury and property damage along with "insuring agreements", "exclusions", and "conditions", together with various endorsements and a schedule of premiums for various items under "purpose of use". In our opinion, viewed from this record, including evidence of the appellant's employees' conduct subsequent to the issuance of the policy, the instrument constitutes a valid insurance policy. We deem it a sufficient contract of insurance to determine the relative rights of the parties hereto. It is uncontradicted appellee paid the premiums called for in the schedule. This conclusion is further strengthened by appellant's admissions made in its original brief, whereby it assumes the policy was issued and was in force and effect.

Subsequent to the issuance of the policy in question appellee entered into an oil and gas lease with Minnie Carpenter involving land in Floyd County, Texas. Drilling operations were begun in December of 1956. On December 24 appellee's drilling contractor encountered a pressure pocket which caused the discharge of drilling fluids, chlorides, and other substances upon the Carpenter land. Mrs. Carpenter's claim against appellee followed and a suit for damages was ultimately filed against appellee on November 3, 1960. Appellant had notice of this third-party claim and admittedly conducted a rather extensive investigation and made efforts to settle the claim with Mrs. Carpenter and her attorney. When settlement failed and suit was brought, appellant refused appellee's request to defend said suit. The Carpenter case resulted in a judgment against appellee and after said judgment became final this suit was filed.

In relying upon the applicable portion of Section 23 of Article 1995, the plaintiff below pleaded and proved the issuance of the liability insurance policy by the appellant; the third-party claim; notice of such claim to the appellant insurer; and the suit resulting in final judgment against appellee. The provisions of the oil and gas lease covering the Floyd County land was the basis of the third-party claim and resulting suit which was filed in Floyd County. Section 23 is applicable if some part of the transaction creating the primary right or some part of the transaction relating to the breach of that right occurred in the county where the suit is brought. Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674. Under this record we conclude appellee sustained his burden.

We are of the opinion appellant's contention that the exception from liability because the third-party claim was contractual rather than tort is without merit. Although appellee was required to allege and prove a cause of action and that said cause of action or a part thereof arose in Floyd County, the applicability of exceptions from liability under the policy was not a venue issue. Mutual Fire & Automobile Ins. Co. v. Kirkman, Tex.Civ.App., 231 S.W.2d 459. Rule 94, Texas Rules of Civil Procedure, provides that the burden of alleging an exception from liability in a suit on an insurance policy is upon the insurer and that insurer shall not be permitted to raise such an issue unless such exception is specifically alleged. No such exception was pleaded by appellant in connection with its plea of privilege.

We conclude appellee proved a cause of action or a part thereof arose in Floyd County, Texas. The judgment is affirmed.

Affirmed.