Jimmie C. JOHNSON, Appellant,

v.

COMMERCIAL STANDARD INSURANCE COMPANY, Appellee.

No. 4761.

Court of Civil Appeals of Texas, Eastland.

April 4, 1975.

Rehearing Denied May 2, 1975.

Jess N. Turner, III, Jennings, Montgomery & Dies, Graham, for appellant.

J. M. Lee, McMahon, Smart, Wilson, Camp, Lee & Surovik, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Plaintiff, Jimmie C. Johnson, sued defendant, Commercial Standard Insurance Company, alleging defendant breached its insurance contract by refusing to pay plaintiff for damages to plaintiff's truck under the collision or upset provision of an insurance policy issued by defendant to plaintiff. The trial court granted defendant's plea of privilege and transferred the cause to Tarrant County. Plaintiff has appealed. We reverse and render.

Plaintiff contends venue is proper in Throckmorton County under Subdivision 23 of Article 1995, Vernon's Ann.Tex.Civ. Stat., which provides in part:

"Suits against a private corporation, . . . may be brought . . . in the county in which the cause of action or part thereof arose."

█ In order to establish a "cause of action" under Subdivision 23 plaintiff had the burden of proving not only the making of the contract but also its breach. Employers Casualty Company v. Clark, 491 S. W.2d 661 (Tex.1973).

Defendant contends plaintiff failed to prove a breach of the contract. We disagree.

The evidence conclusively establishes venue in Throckmorton County under Subdivision 23 unless defendant can rely upon a limitation of liability contained in the policy. The evidence shows that plaintiff's truck was damaged in Montana. Defendant contends that endorsement 111C provides that no coverage is afforded for loss sustained outside a fifty mile radius of the place where the vehicle is principally garaged. Defendant argues the endorsement is an integral part of the policy and since the truck was damaged in Montana defendant is under no obligation to make any payment to plaintiff under the policy.

The endorsement urged by defendant is clearly a limitation of general liability under the policy. In an amended original answer filed "subject to its plea of privilege" defendant for the first time specifically alleged that coverage was excluded because of the endorsement.

█ We hold that the limitation from liability relied upon by defendant was not material at the plea of privilege hearing. This court in Mutual Fire & Automobile Ins. Co. v. Kirkman, 231 S.W.2d 459 (Tex.Civ.App.—Eastland 1950, no writ), said:

"The applicability of the exception from liability, because the mortgage was not described in the policy, was not material on a hearing of the plea of privilege. Although appellant was required to allege and prove a cause of action and that said cause arose, at least, in part in Brown County, the applicability of this exception from liability under the policy was not a venue issue. Appellee alleged and proved issuance of a policy on his tractor insuring him against loss by fire and that the tractor was destroyed by fire in Brown County. R.C.P. 94 provides that the burden of alleging an exception from liability in a suit on an in-

surance policy is upon the insurer. It provides that the insurer shall not be permitted to raise such an issue unless it specifically alleges that the loss was due to a risk or cause coming within such particular exception to general liability. Until an insurer has so alleged the insured does not now have the burden of proving the inapplicability of such an exception from liability in the policy because of waiver of such provision, estoppel to assert such a defense, or for any other reason."

See also Employers Casualty Company v. West, 383 S.W.2d 251 (Tex.Civ.App.—, Amarillo 1964, writ dism.).

Defendant's amended answer filed subject to its plea of privilege wherein it specifically alleged the limitation was not a part of the pleadings before the court at the plea of privilege hearing. Galloway v. Nichols, 269 S.W.2d 850 (Tex.Civ.App.—Dallas 1954, no writ).

The judgment of the trial court is reversed and rendered.