The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Appellant,

v.

TEXOMA DIRECTIONAL DRILLING COMPANY, INC., Cal Jeter, James A. Cullum, Mike Kelly, Rex Graham, Gale Borland and James A. Cullum Jr., Appellees.

No. 18602.

Court of Appeals of Texas, Fort Worth.

Oct. 21, 1981.

Rehearing Denied Nov. 11, 1981.

Shannon, Gracey, Ratliff & Miller, Kleber C. Miller, David E. Keltner and D. Michael Wallach, Fort Worth, for appellant.

Harris, Finley, Creel & Bogle and Bill F. Bogle, Fillmore & Camp and H. Dustin Fillmore, Richard L. Scheer, Fort Worth, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is a plea of privilege case. Suit was brought by Texoma Directional Drilling

Company, Inc. (Texoma), and a group of other plaintiffs, namely Cal Jeter, James A. Cullum, Mike Kelly, Rex Graham, Gale Bourland, and James A. Cullum Jr. (Jeter Group) against the Millers Mutual Fire Insurance Company of Texas (Millers). Texoma and Jeter Group alleged that Millers failed to defend Texoma pursuant to a policy of liability insurance and failed to pay the judgment to Jeter Group entered against Texoma.

Millers issued the policy to Texoma, the effective dates thereof being from April 1, 1977 to April 1, 1978. Texoma and Jeter Group claim recovery under the Comprehensive General Liability Insurance portion of the policy. Millers denies liability under the policy.

Jeter Group had previously filed suit in Archer County against Texoma seeking damages in connection with drilling an oil well. Texoma notified Millers requesting defense and Millers refused on the ground that no coverage existed.

On June 24, 1980 Texoma and Jeter Group executed a covenant not to execute. On October 20, 1980 judgment was awarded to Jeter Group. On that day Texoma and Jeter Group entered into an agreement assigning part of the judgment against Texoma to Texoma.

Texoma and Jeter Group subsequently joined as plaintiffs and filed this action against Millers in Archer County. Millers filed its plea of privilege, whereupon Texoma and Jeter Group filed their controverting plea. A hearing was held on the plea of privilege, at which time Millers sought to amend its plea of privilege. By order of May 6, 1981 the trial court denied Millers' motion for leave to amend and overruled its plea of privilege. Millers appeals.

We affirm.

■ By its first point of error, Millers contends that there was no evidence, or alternatively, insufficient evidence to support the conclusion that a cause of action arose in Archer County against Millers under Tex.Rev.Civ.Stat.Ann. art. 1995. The portion of that article upon which Texoma

and Jeter Group relied was subdivision 23. To invoke the provisions of subdivision 23, and thereby defeat the general rule that a defendant be sued in the county of its residence, a plaintiff must prove (1) that defendant is a private corporation; (2) that plaintiff has a cause of action against the defendant; and (3) that the cause of action or a part thereof arose in the county of suit. *Vahlsing, Inc. v. Missouri Pac. R. Co.*, 563 S.W.2d 669 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Millers admitted its status as a private corporation. The disputed issues, therefore, are whether Texoma and Jeter Group had a cause of action against Millers and, if so, where that cause of action or a part thereof arose. This must be proved by a preponderance of the evidence. *American Nat. Ins. Co. v. Caviness*, 617 S.W.2d 318 (Tex.Civ.App.—El Paso 1981, no writ).

■ To establish a cause of action under subdivision 23, the plaintiffs must prove their primary right and defendants' act or omission which violated that right. *Sabine Production Co. v. Frost Nat. Bank*, 596 S.W.2d 271 (Tex.Civ.App.—Corpus Christi 1980, no writ). The rights of Texoma under the insurance policy were to be defended from suit and if a judgment was taken against it, to have it paid by Millers. Jeter Group's right to payment from Millers is necessarily dependent upon the establishment of Texoma's rights vis a vis Millers.

We look now to Millers' duty, if any, to Texoma. The duty of Millers to defend Texoma must be established by the pleadings of Jeter Group in its suit against Texoma. These allegations should be given a liberal interpretation in order to ascertain the duty of the insurance company to defend the insured. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22 (Tex.1965). In that case the Supreme Court stated:

"We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations

and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof." *Id.* at 24.

■ Whether the insurer has the duty to defend does not depend upon the suit in fact being within the coverage, but is determined by the allegation of liability within the coverage. *Sewer Constructors, Inc. v. Employers Casualty Co.*, 388 S.W.2d 20 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.). If "the allegations in the petition filed against an assured, when fairly and reasonably construed, state a cause of action covered by the policy" then the duty to defend arises. *Id.* at 21.

■ In its suit against Texoma, Jeter Group alleged damage in connection with the drilling of an oil well. Jeter Group alleged that Texoma was liable due to its negligence, breach of contract, deceptive trade practices, and false representations. Jeter Group prayed for damages because of "Defendant's wrongful conduct" causing a configuration of the hole that would lead to "additional expenses in maintaining and producing such well." These pleadings allege coverage within the policy as demanded by subdivision 23. Although these pleadings were somewhat vague, nevertheless, they were sufficient to meet the burden imposed by subdivision 23. The Texas Supreme Court in *Heyden supra*, quoted the following passage from 50 A.L.R.2d 458 at 504:

> "Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, *potentially*, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor." (Emphasis supplied.)

From the record it is apparent that at least a potential cause of action had been alleged by Jeter Group. Accordingly, there was a corresponding duty to defend placed upon Millers. The duty to defend Texoma and its breach by Millers occurred in Archer County. Also, the duty to pay Jeter Group the resulting judgment arose in Archer County. There is sufficient evidence to support the trial court's finding that a cause of action arose, and that it arose in Archer County.

■ Millers' second point of error urges that the trial court erred in overruling its trial amendment to its plea of privilege. Millers, by amendment, sought to include certain exclusions of the policy by which it denied liability under the policy. We overrule this point of error. It has repeatedly been held by the courts of this state that exclusions from liability coverage are not proper for the court's consideration in a plea of privilege case. *Johnson v. Commercial Standard Insurance Co.*, 521 S.W.2d 957 (Tex.Civ.App.—Eastland 1975, no writ); *Employers Casualty Company v. West*, 383 S.W.2d 251 (Tex.Civ.App.—Amarillo 1964, writ dism'd); *Mutual Fire & Automobile Ins. Co. v. Kirkman*, 231 S.W.2d 459 (Tex. Civ.App.—Eastland 1950, no writ). As the Eastland Court of Civil Appeals stated in *Kirkman supra*: "The applicability of the exception from liability ... was not material on a hearing of the plea of privilege. Although appellant was required to allege and prove a cause of action and that said cause arose, at least, in part in Brown County, the applicability of this exception from liability under the policy was not a venue issue." *Id.* at 461. Moreover, the granting or the refusing of a trial amendment is discretionary with the trial court, and under all the circumstances, the trial judge did not abuse his discretion in overruling Millers' trial amendment to its plea of privilege. We overrule Millers' second point of error.

Affirmed.