**NORVELL WILDER SUPPLY COMPANY, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 09 81 044 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 12, 1982.

Rehearing Denied Sept. 16, 1982.

Stephen M. Rienstra, Provost, Umphrey, Doyle & McPherson, Port Arthur, for appellant.

Edward H. Green, Ranelle Moore Meroney, Weller, Wheelus & Green, Beaumont, for appellee.

CLAYTON, Justice.

This is an appeal from an order sustaining a plea of privilege. Appellant, Norvell Wilder Supply Company, filed this suit for declaratory judgment and breach of an insurance contract wherein appellant sought to establish that appellee, Employers Casualty Company, was obligated to defend appellant in an action for damages pending in the District Court of Oklahoma County, State of Oklahoma. Appellant seeks to maintain venue in Jefferson County under the provisions of *Tex.Rev.Civ.Stat.Ann. art. 1995, Subdivision 23* (1964). The trial court, in sustaining appellee's plea of privilege to be sued in Dallas County, the place of its residence, filed findings of fact and specifically found that all venue facts under *Subdivision 23* were proven except "[t]hat the insurance policy at issue does not, as a matter of law, impose any obligation upon Defendant [appellee] to defend Plaintiff from the allegations made in the pleadings in the Oklahoma litigation."

The sole question before this court is whether appellant has proved a cause of action against appellee. If a cause of action has been proved, then the plea of privilege should have been overruled by the trial court.

In March of 1976, W.V. Harlow, Jr., filed a suit for damages against Beacon Supply Company and others in the District Court of Oklahoma County, State of Oklahoma. Prior to that time, appellant had acquired the Beacon Supply Company which thereafter became the Beacon Supply Division of Norvell Wilder Supply Company. At the time the Oklahoma suit was filed, appellant was the party defendant in such damage suit.

Appellee had issued a Comprehensive General Liability Insurance policy to Beacon for the time involved in the Oklahoma litigation. Timely demand was made upon appellee to assume the defense of the Oklahoma suit pursuant to the provisions of the insurance policy.

The policy contains the following provisions:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or Coverage B. property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. . . ."

The word "occurrence," as used in the above-quoted provision as to property damage, is defined in the policy as meaning "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

■ The appellee's duty to defend the Oklahoma suit is determined by the allegations of the petition when considered in the light of the policy provisions without reference to the truth or falsity of such allegations. *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633 (Tex. 1973); *Heyden Newport Chemical Corporation v. Southern General Insurance Company,* 387 S.W.2d 22 (Tex.1965). Whether the insurer has the duty to defend does not depend upon the suit in fact being within the coverage, but it is determined by the allegation of liability within the coverage. *Millers Mutual Fire Insurance Company of Texas, v. Texoma Directional Drilling Company, Inc.,* 622 S.W.2d 899 (Tex.Civ.App.— Fort Worth 1981, no writ).

■ If the "allegations in the petition filed against an assured, when fairly and reasonably construed, state a cause of action covered by the policy" then the duty to defend arises. *Sewer Constructors, Inc. v. Employers Casualty Co.,* 388 S.W.2d 20, 21 (Tex.Civ.App.—Houston 1965, writ ref'd n.r. e.).

The material allegations as to Beacon in the second amended petition filed in the Oklahoma suit are that plaintiff's "undertook to construct a pipeline" for the purpose of connecting certain gas wells operated by them to lines operated by the purchasers of

the gas. The fiber-glass pipe used in this undertaking was manufactured by defendant Kinetics and supplied by Beacon with certain fittings supplied and fabricated by Beacon.

Plaintiffs further alleged that they entered into a contract to purchase pipe from Beacon and a contract for laying the pipeline with defendant Williamson. Plaintiffs alleged that the defendants (including Beacon) "have committed certain tortious acts within this State (Oklahoma), have caused tortious injury in this State by the commission of acts or omissions. . . . "

Plaintiffs alleged that they have been damaged as a result of ". . . negligence on the part of Defendant [Beacon] in one or more of the following particulars:

"1. [Beacon] breached its express . . . warranties . . . in that . . . the pipe, was defective and would not withstand the required pressure. . . .

"2. [Beacon] failed to properly inspect and test the product.

"3. [Beacon] was negligent in the fabrication and assembly of fittings."

The pleadings further alleged that the defects in the product were such "that the product was not fit for the intended purpose by reason of the negligent acts of the Defendants . . . and such damages result from the combined and concurring acts, omissions and breaches of warranty and fault of the Defendants which make them strictly liable in tort . . . ," and that "Plaintiffs were compelled to hire a new contractor to build a new pipeline system."

■ In considering the above allegations and the insurance policy in determining appellee's duty to defend, a liberal interpretation of their meaning should be indulged. Our Supreme Court in *Heyden Newport Chemical Corporation v. Southern General Insurance Company,* supra at 26, quoted with approval the following from 50 ALR 2d at 504:

" 'Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor.' "

■ The allegations made against Beacon are in essence that Beacon fabricated certain pipe fittings, supplied certain pipe to plaintiffs, all of which were used in the laying of the pipeline by plaintiff, and because of Beacon's negligence in failing to properly inspect and test such products, and negligent in the fabrication and assembly of the fittings, the pipeline was defective and was damaged and had to be replaced by plaintiffs. Based upon the rules stated and followed by the above cited authorities, we hold such allegations are sufficient to, at least, allege a potential cause of action and that such is within the coverage provided by the insurance policy.

■ Appellee strongly argues it is apparent that because of three specific "exclusion" clauses contained in the policy, there is no coverage under the allegations of the petition filed against appellant. We reject this argument. Matters contained in "exclusion" clauses are affirmative defenses and, as such, are not subject to consideration in a hearing on a Plea of Privilege. *Berton Land Development Corp. v. Ryan Mortgage Investors,* 563 S.W.2d 811 (Tex. 1978); *General Motors Acceptance Corp. v. Howard,* 487 S.W.2d 708 (Tex.1972). Exclusions from liability coverage are not proper for the court's consideration in a plea of privilege case. *Millers Mutual Fire Insurance Company of Texas v. Texoma Directional Drilling Company, Inc.,* supra; *Johnson v. Commercial Standard Insurance Co.,* 521 S.W.2d 957 (Tex.Civ.App.—Eastland 1975, no writ); *Employers Casualty Company v. West,* 383 S.W.2d 251 (Tex.Civ. App.—Amarillo 1964, writ dism'd); *Mutual Fire and Automobile Insurance Co. v. Kirkman,* 231 S.W.2d 459 (Tex.Civ.App.—Eastland 1950, no writ).

The judgment of the trial court is reversed, and judgment is here rendered that appellee's plea of privilege be overruled.

REVERSED and RENDERED.