**W. J. BARKER, Appellant,**

v.

**LONE STAR BREWING COMPANY,**
**Appellee.**

No. 5482.

Court of Civil Appeals of Texas.

El Paso.

Sept. 27, 1961.

.Warren Burnett, Odessa, for appellant.

Matthews, Nowlin, MacFarlane & Barrett, Patrick H. Swearingen, Jr., San Antonio, Maurice R. Bullock, Fort Stockton, for appellee.

LANGDON, Chief Justice.

This is a plea of privilege case. Suit was brought in the District Court of Pecos County by appellant, W. J. Barker, doing business as Barker Distributing Company, against appellee, Lone Star Brewing Company, a corporation, domiciled in Bexar County. Plaintiff Barker alleged that defendant Brewing Company canceled a written agreement under which plaintiff Barker purchased beer from defendant for distribution in Pecos and other designated counties. Barker contends that defendant "wrongfully" and "arbitrarily and capriciously" canceled the agreement, and that he suffered damages thereby in the amount of $100,000. Defendant Brewing Company filed its plea of privilege to be sued in Bexar County, the county of its residence; and, subject to its plea of privilege, filed its answer, which is not material to this appeal.

Plaintiff Barker controverted defendant's plea of privilege and adopted therein the allegations contained in his original petition. Plaintiff did not deny that defendant's

residence was in Bexar County, but contends that this suit can be maintained in Pecos County under the exceptions set out in subdivisions 5 and 23, of Article 1995, Vernon's Annotated Texas Civil Statutes.

Following a hearing, the trial court sustained defendant Brewing Company's plea of privilege and ordered the cause transferred to the district court of Bexar County. From such order appellant has perfected this appeal.

Appellant has predicated this appeal upon two points, by which it is asserted that the trial court erred in sustaining defendant's plea of privilege: (1) because the defendant contracted in writing to perform an obligation in the county of suit, and plaintiff's suit is upon that obligation; and, (2), because the defendant is a private corporation, and part of plaintiff's cause of action arose in Pecos County.

Appellant bases his suit upon a written agreement dated November 2, 1950, set out as follows:

"Lone Star Brewing Company
542 Simpson Street ....
P. O. Box 2060
Telephone Fannin 8301
        "San Antonio 6, Texas

        "Agreement

                "November 2, 1950
    "This will evidence and constitute our sole agreement with respect to your appointment as a distributor of Lone Star Beer in the counties of Reagan, Upton, Crane, Brewster, Presidio, Pecos in the State of Texas. We agree to furnish you, during the continuation of this distributorship, the amount of beer required to serve said area, subject to the output of our plant being sufficient to serve you and all other distributors, the Brewing Company reserving the right to apportion output between distributors when unable to supply the full requirements of all.
    "It is understood that you are at all times to be properly licensed and at all times maintain warehouse and office facilities, trucking equipment and sales personnel suitable to and commensurate with the Market you are to serve and satisfactory to Lone Star Brewing Company. It is also understood that you are to cooperate at all times in a reasonable amount of special advertising as and when requested by the Brewing Company.
    "Prices of the produce shall conform to the prevailing prices charged from time to time to all other distributors of this product in the State of Texas. All shipments of products and the billing thereof shall be f. o. b. San Antonio, Texas, and all bills will be payable at San Antonio, Texas, empties to be returned to Brewery by distributors.
    "It is understood that the Brewing Company shall have no control whatsoever over the mode and manner of transacting business by the distributor, nor in the employment of or discharging of distributor's employees, nor in any other particular, but it is specifically agreed that the Brewing Company shall be entitled to discontinue and cancel your distributorship at any time and for any cause deemed adequate by it.
    "In the event you use the name 'Lone Star' in connection with your business as distributor of said beer, it is understood that you will immediately discontinue the use of it upon the termination of the distributorship.
    "You will indicate your acceptance as provided on these forms and return both copies. One copy will be returned subsequently for your files after being properly executed and recorded by this office.
        "Yours very truly,
        "Lone Star Brewing Company
        "By s/ Harry Jersig
                President
"Accepted and Agreed:
"Barker Distributing Company
"By W. J. Barker /s/"

After careful examination of entire contract, we have concluded that the contract itself imposes no obligation upon defendant Brewing Company, appellee herein, to do or perform any act or thing in Pecos County. All obligations imposed upon defendant, under the terms of the agreement, are performable in Bexar County. The agreement imposed no obligation upon plaintiff Barker to continue the distributorship for any particular period of time, and presumably was subject to termination by him at any time. With respect to defendant's right to terminate the agreement, the contract provides: " * * * it is specifically agreed that the Brewing Company shall be entitled to discontinue and cancel your distributorship at any time and for any cause deemed adequate by it."

On April 11, 1960, after the contract had been in effect for nine and one-half years, defendant Brewing Company advised plaintiff by telegram as follows: "For reasons deemed adequate by Lone Star Brewing Company your distributorship agreement dated November 2, 1950 is hereby discontinued and cancelled * * *."

If venue is to be maintained in Pecos County under the exception provided by subdivision 5 of the Venue Statute (Article 1995), the burden is upon plaintiff to plead and prove a contract in writing wherein the defendant contracted to perform an obligation in Pecos County, or at a definite place therein, by such writing.

The only written contract in evidence is the contract of November 2, 1950, offered and admitted in evidence as plaintiff's Exhibit No. 1. Such contract contains no express provision obligating the defendant to perform an obligation anywhere but in Bexar County, the domicile of such defendant. Appellant contends, however, that the writing imposed an *implied* obligation upon appellee Brewing Company to *recognize* appellant as its distributor *in Pecos* and the other designated counties, and that such obligation to recognize the distributorship *could only be performed at the site* of the distributorship. While we find such argument ingenious, we believe it has no application to the facts of this case. Appellant has cited two cases in support of such argument. In the first case, Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, 699, the contract was an oil and gas lease. The obligation sued upon was that of drilling offset wells. The court held, although the writing did not set out a promise to drill offset wells, that the contract implied the obligation, and that the place of performance was expressly named in the contract, " * * * towit, the parcel of land in Jones County in respect to which the parties * * * were contracting." The second case cited is that of McKenzie Construction Co. v. Pittman, Tex.Civ.App., 288 S.W.2d 527, 532, (error dismissed). There, Mrs. Clara Driscoll had engaged the services of a contractor to build, and an architect to *supervise,* the building of a hotel in Corpus Christi. After the hotel was completed and accepted and Mrs. Driscoll had passed away, evidence of faulty workmanship in the construction appeared. In the resulting suits brought by the executors of Mrs. Driscoll's estate against both the contractor and the architect, a plea of privilege was filed by the architect, Wyatt C. Hedrick, and was sustained by the trial court. The Court of Civil Appeals, in reversing the trial court's order sustaining the plea of privilege, held that the architect was employed by Mrs. Driscoll, among other things, "to supervise and inspect the construction of this hotel and office building." Such obligation could be performed *only* at the site of the building, and the building is expressly stated to be in Corpus Christi, Nueces County, Texas.

In the Petroleum Producers case, the obligation to drill offset wells was implied as a matter of law from the language of the oil and gas lease. In the McKenzie Construction case, the contract itself expressly provided that the architect would "supervise" the work. The obligation to "inspect" was necessarily implied from the express obligation to supervise. It follows that the

implied obligation to inspect the work could be performed only at the site of the construction.

■ We think the cases discussed above have no application to the facts of the case now before us. Every written contract creates or recognizes the existence of a status or relationship between the parties; i. e.: manufacturer-distributor, owner-builder, owner-architect, buyer-seller, etc. The mere recognition of a particular status, even if expressly provided in the contract, might, in most cases, be accomplished as well from one place as from another. Here, we believe, it involved nothing more than an acknowledgment on the part of the appellee that appellant would be its distributor in the designated counties during the continuance of the contract. Under subdivision 5 of Article 1995, supra, it is immaterial that some obligations imposed by a written contract are required to be performed by one, or the other, party, in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is *required* by the contract to be performed in a particular county, expressly named. Southwestern Peanut Growers Ass'n v. Kendrick, Tex. Civ.App., 183 S.W.2d 1019. Appellant's Point No. 1 is accordingly overruled.

■ We have carefully considered appellant's Point No. 2, based on the contention that venue may be maintained in Pecos County under Exception 23 of the general Venue Statute. Appellant had the burden of pleading and proving, on the hearing of the plea of privilege, all of the elements essential to his cause of action. The contract itself specified the manner in which the contract might be terminated. We believe the language of such contract to be clear and unambiguous. It was terminated by a telegram sent to appellant from the company offices in San Antonio on April 11, 1960. The telegram, containing language almost identical to that used in the contract, was admittedly received by appellant and was understood by him to constitute a termination of his distributorship.

Under plain terms and express provisions of this contract, a stipulation for its termination was made. There are no pleadings that such stipulation was inserted in the contract by fraud, accident or mistake, and it must be assumed that the results and consequences of such provision must have been fully foreseen and understood by the parties thereto at the time it was made. Appellant's Point No. 2 is overruled.

Finding no error, the judgment of the trial court is affirmed.