**STULL CHEMICAL COMPANY, Appellant,**

**v.**

**CAPITAL SOUTHWEST CORPORATION, Appellee.**

**No. 14530.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 2, 1966.

Joe Frazier Brown, W. Pat Camp, San Antonio, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, Henry D. Akin, Arthur E. Hewett, Dallas, for appellee.

BARROW, Justice.

This is a plea of privilege case involving Subdivisions 5 and 7 of Article 1995, Vernon's Ann.Civ.St. Appellant, Stull Chemical Company, brought this declara-

tory judgment action against Capital Southwest Corporation, a Texas corporation domiciled in Dallas County, Texas, to construe a loan agreement whereby appellee loaned appellant $350,000. By alternative. plea, appellant sought rescission of the agreement because of alleged fraudulent misrepresentations. Appellee's plea of privilege was sustained following a non-jury hearing. There are no findings of fact or conclusions of law.

The loan agreement was executed in Dallas County by appellee and E. B. Stull, president of appellant, around the first of October, 1963, and ratified by resolution of the board of directors of appellant on October 4, 1963. The primary obligations under this lengthy written agreement are that in consideration of the loan of $350,000 appellant agreed to issue twenty 7% debentures in this aggregate sum to repay the loan, the last of which was due on or before October 1, 1970, and further agreed to execute a stock purchase warrant to appellee. This stock purchase warrant, by its terms, gives appellee the right to purchase up to 75,030 shares of appellant's common stock at any time prior to thirty days after receipt of appellant's fiscal statement for the year ending September 30, 1970.

On April 1, 1964, appellant exercised its privilege under the loan agreement of prepayment of the loan in full, and sought to require appellee to exercise its option under the stock purchase warrant at that time. Appellee advised that it did not desire to do so at that time, but reserved its right to do so at any time prior to the 1970 expiration date. Appellant asserted that the stock purchase warrant was extinguished when the loan was fully repaid, and filed this suit in Bexar County to resolve this dispute.

To maintain venue in Bexar County under Subd. 5, supra, appellant was required to establish by a preponderance of the evidence that appellee contracted in writing to perform in Bexar County the contractual obligation which is the basis of the suit. McDonald, Texas Civil Practice, § 4.11.5; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 834, 81 S.W.2d 675, Tex.Com.App., Opinion Adopted; Barker v. Lone Star Brewing Co., Tex.Civ.App., 350 S.W.2d 44; Rogers v. Waters, Tex.Civ.App., 262 S.W.2d 521; McKinney v. Moon, Tex.Civ.App., 173 S. W.2d 217; Bomar Cotton Oil Co. v. Schubert, Tex.Civ.App., 145 S.W. 1193, wr. ref.

Appellant urges that venue is maintainable in Bexar County in that the stock option must be exercised at its office in Bexar County. It is seen, however, that there is no obligation requiring appellee to exercise this option. A "stock purchase warrant" by its very nature creates only an option to the holder to purchase the stock on specified terms. 36 Yale L.J. 649. This particular warrant does not bind appellee to any obligation, but merely gives it the right to purchase stock should it elect to do so. Appellee is not thereby "obligated" to do anything in Bexar County, and the trial court properly held that venue was not sustainable under this exception.

Venue is also asserted under Subd. 7, supra. Under this exception, appellant was required to establish by a preponderance of the evidence that: (1) fraud did in fact occur; (2) which was committed by one for whose acts the appellee is legally responsible; and (3) the fraud occurred in Bexar County. McDonald, Texas Civil Practice, § 4.13. Since no findings of fact were filed it must be presumed that the trial court found all fact issues in such a way as to support the judgment. Pittsburgh Plate Glass Co. v. Bragg, Tex.Civ. App., 383 S.W.2d 623, wr. dism.; 4 T.J. 2d, Appeal and Error—Civil, § 806.

Appellant urges that the President of appellee represented to Mr. Stull at the time the loan agreement was negotiated that appellee would not have a right to exercise its stock purchase warrants after

the loan was fully repaid. It is further urged that Mr. Cooney, a director of appellee, made a similar representation before appellant's board of directors on the occasion when the resolution approving the loan agreement was adopted. There was testimony from Mr. Stull which would have supported such a finding. On the other hand, the testimony of Mr. Cooney contradicts this testimony, and he is corroborated by the committal letter written by appellee and accepted by appellant prior to execution of the loan agreement, the terms of the stock purchase warrant itself, and the resolution adopted by appellant's directors.

The implied finding of the trial court that no false representation was made by an agent of appellee is fully supported in the record. Venue, therefore, is not maintainable in Bexar County under Subd. 7.

The judgment is affirmed.