Mrs. C. M. STONE et al., Appellants,

v.

Carolyne R. ENGLISH d/b/a Yum-Yum Tree, Appellee.

No. 17186.

Court of Civil Appeals of Texas, Fort Worth.

March 19, 1971.

James T. Rudd, Grand Prairie, for appellants.

Simon & Simon, and Robert M. Doby, Jr., Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

Mrs. C. M. Stone and The Yum-Yum Tree, Inc., defendants in the court below, are here appealing from orders overruling their pleas of privilege.

The plaintiff, Mrs. Carolyne English, sued the defendants for "unfair competition" and sought to enjoin them from using the trade name "Yum-Yum Tree" in Dallas and Tarrant Counties in connection with the conduct of defendants' gift shop business. Among other things the plaintiff alleged that in April, 1968, she opened a gift shop and has continuously since then used the name "Yum-Yum Tree" as the name of her business; that it is located in South Fort Worth in Tarrant County, Texas; that the corporate defendant got its charter in August, 1969; that the defendants in September, 1969, opened up a business in Grand Prairie, Dallas County, Texas, under the same trade name that she, the plaintiff, had been using for over a year, and that the result has been for defendants to cause confusion and defraud the public and plaintiff's customers into believing that when trading with defendants they were actually trading with the plaintiff.

Plaintiff's controverting affidavit alleged that suit against both defendants was properly brought in Tarrant County under Subdivisions 7 and 9 of Art. 1995, Vernon's Ann.Tex.St.

At the venue hearing the burden was on the plaintiff to establish the essential venue facts by a preponderance of the evidence. Since defendants were both residents of Dallas County, plaintiff had to allege and prove that the case came under one of the exceptions to Art. 1995, V.A.T.S., in order to keep venue of the case in Tarrant County, the county of suit. Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694 (Tyler Tex.Civ.App., 1965, no writ hist.).

The essential venue facts under Sub. 7, Art. 1995, V.A.T.S., are: (1) that fraud did in fact occur; (2) that it was committed by one for whose acts defendant is legally responsible; and (3) that the fraud occurred in the county of suit. Stull Chemical Co. v. Capital Southwest Corp.,

408 S.W.2d 535 (San Antonio Tex.Civ. App., 1966, no writ hist.).

It was necessary for the plaintiff in order to keep venue of this case in the county of suit under Sub. 9, Art. 1995, V.A.T.S., to allege and prove that the defendant committed a trespass in the county of suit. Benson v. Haney, 381 S.W.2d 138 (Eastland Tex.Civ.App., 1964, no writ hist.).

The trial judge did not file findings of fact and conclusions of law and the record does not show that any were requested of him.

Concerning such a case the Supreme Court in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950), said at page 613: "* * * The trial court's judgment, therefore, implies all necessary facts findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' * *"

The appellants contend in the only two points of error that they urge on this appeal that the trial court erred in overruling their pleas of privilege because: (1) there was "no evidence" to support the trial court's implied finding that they committed an act of fraud or trespass in Tarrant County, and (2) the evidence was insufficient to support such implied findings.

A case very similar to this was decided by the Dallas Court of Civil Appeals. The case is Burge v. Dallas Retail Merchants Ass'n, 257 S.W.2d 733 (Dallas Tex.Civ. App., 1953, no writ hist.). It, too, was an "unfair competition" case involving the use by defendant of a trade name similar to that of plaintiff's. That case was also a venue case. That court held in substance that (1) a prior user of a trade

name may restrain use of such trade name by another; (2) that Sub. 7, Art. 1995, V.A.T.S., providing for the bringing of suit in cases of fraud in the county where the fraud is committed applies to a suit by a prior user to enjoin another from using his trade name, because unfair competition is predicated upon fraud, and (3) that where a defendant infringes on a previously adopted and used trade name, he would be guilty of a trespass within the meaning of Sub. 9, Art. 1995, V.A.T.S.

In the Burge case, supra, although defendant's residence was in Wichita County, the businesses of both plaintiff and defendant were located in Dallas County, the county of suit. Defendant in that case therefore unquestionably used plaintiff's trade name in Dallas County, and by such use committed both a fraud and a trespass in the county of suit.

In our case plaintiff's business was located in and conducted in Forth Worth, Tarrant County, Texas, and the location of appellants' business is in Grand Prairie, Dallas County, Texas. These are adjoining counties.

The only difference that we find between this case and the Burge case is the fact that in the Burge case defendant's business was located in the county of suit, while in this case the defendants' business is not located in the county of suit.

The evidence offered by appellee here tended to show that appellants placed advertisements wherein they used the trade name in question in advertising their business in the Arlington and Grand Prairie Daily Gazette newspapers. Such newspapers were thereafter sold and distributed in the City of Arlington, which is in the county of suit. In these ads the appellants advertised the name of their business as "The Yum-Yum Tree" and gave their business address in Grand Prairie as the location where such business was conducted.

We hold that this evidence constituted "some evidence" and sufficient evidence to support the trial court's implied findings that appellants committed both a fraud and a trespass in Tarrant County, Texas, in the use of plaintiff's trade name.

We therefore overrule both of appellants' points of error and affirm the trial court's judgment.