**TEXAS HIGH SCHOOL GYMNASTICS COACHES ASSOCIATION et al., Appellants,**

v.

**Duanne W. ANDREWS et al., Appellees.**

**No. 15444.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1975.

Rehearing Denied Jan. 28, 1976.

Michael D. Schattman, Denning Schattman, Fort Worth, for appellant.

Cobb, Thurmond & Bain, Inc., San Antonio, for appellees.

CADENA, Justice.

This is an appeal from an order overruling the plea of privilege of defendant, Texas High School Gymnastics Coaches Association, a Texas corporation, referred to in this opinion as "Association."

The petition names as plaintiffs, Duanne W. Andrews, H. M. Shearing, Allen Russell, Raoul Gueguen, and Sandra Mabry, who are described in the pleadings as "parents of high school students, coaches of high school students, and parents of gymnasts who hopefully [sic] will become high school gymnasts." The pleading recites that the suit is "brought individually and as next friend for their children all of whom are minors." The petition does not identify

specifically the plaintiffs who are high school coaches nor those who are parents of such students. The petition does not name any minor appearing in the suit by next friend.

Defendants, in addition to the Association, are Northeast Independent School District and Northside Independent School District, both of Bexar County, the county in which suit was filed. The Association's residence, for venue purposes, is Tarrant County.

The Association is an association of high school gymnastic coaches. According to the petition, on May 10, 1974, the Association adopted the following rule: "DUAL MEMBERSHIP OF ATHLETES PROHIBITED. A Texas high school gymnast must not workout with, practice with, take lessons with, or compete with a private club, and be eligible for dual, regional or state competition during the school calendar year of their [sic] school district. . . ." Plaintiffs alleged that such rule is an "unfair, unlawful and unconstitutional restriction upon the individual rights of high school students who participate in their high school gymnastics program and desire to compete in high school gymnastic competition." The rule is also assailed as an unfair trade practice, and unreasonable restraint of trade and free enterprise which "not only damages the individual high school students involved, but also damages the private gymnastic clubs."

Plaintiffs alleged that the rule is in violation of Association's constitution in that (1) it does not perpetuate and improve the sport of gymnastics; (2) it discourages the interest of people in healthful sports participation through gymnastics; (3) it violates the principles, interests and desires of the University of Texas Interscholastic League; and (4) it fails to protect the gymnastic interest of the State of Texas and the athletes representing the State in national gymnastic competitions.

Plaintiffs sought declaratory judgment to the effect that the rule is void and unenforceable; injunction restraining defendants from enforcing the rule; and damages.

It is not alleged that the two Bexar County defendants, Northeast Independent School District and Northside Independent School District participated in the adoption of the rule; nor that they had enforced or attempted to enforce the rule in the past; nor that they intended to enforce the rule in the future. At the hearing on the plea of privilege filed by the Association, Northeast Independent School District announced in open court that the district agreed with plaintiffs and that it did not intend to, and would not enforce the rule because "the rule is improper and should not be enforced."

Plaintiffs seek to maintain venue in Bexar County against the Association under subdivisions 4, 9, 23, 29a and 30 of the venue statute. Article 1995, Tex.Rev.Civ. Stat.Ann.

Following a hearing on March 10, 1975, the trial court announced that the plea of privilege ·of the Association was sustained. The record does not reflect that this ruling was ever reduced to writing and signed by the court. In any event, in response to plaintiffs' motion for "Additional Temporary Orders" and to reconsider the prior ruling on the pleas of privilege, further testimony was heard on March 24, 1975, the court entered an order, dated March 26, 1975, overruling the plea of privilege of Association and temporarily enjoining the Association from attempting to enforce the rule of which plaintiffs complain.

At the outset, it is clear that subdivision 29a is inapplicable. That subdivision authorizes a plaintiff who sues two or more defendants on a cause of action in a county where venue is proper as to one defendant under some exception contained in Article 1995 to maintain venue in such county as to all necessary parties to such cause of action. This exception is applicable only where all defendants are nonresidents of the county in which suit is filed. 1 McDonald, Texas

Civil Practice Sec. 4.36 (1965 rev.). That condition is not satisfied here.

Subdivision 4 permits a suit to be maintained in the domiciliary county of one defendant against other nonresident defendants who are properly parties to the action against the resident. In order to invoke the protection of this exception, plaintiff must establish, by a preponderance of the evidence, each element of a bona fide claim against the resident defendant. 1 McDonald, *op. cit.* Section 4.10.1.

Plaintiffs can maintain venue in Bexar County against the Association under subdivision 23 only (1) if plaintiffs' cause of action, or a part of such cause of action, arose in Bexar County; or (2) if plaintiffs resided in Bexar County at the time the cause of action arose and the Association has an agency or representative in Bexar County. Under theory (1), plaintiffs are required to prove the existence of a cause of action, part of which, at least, arose in Bexar County. Under theory (2), plaintiffs must prove a cause of action against the Association, irrespective of where the cause of action arose. 1 McDonald, *op. cit.* Secs. 4.30.2, 4.30.3.

It is clear that in order to establish a cause of action, either against the resident school districts, as required under subdivision 4, or against the Association, as required under subdivision 23, it was incumbent on plaintiffs to show that the challenged rule is invalid. Our examination of the record convinces us that plaintiffs failed to discharge this burden.

In Texas, high school athletic competition is regulated by the University of Texas Interscholastic League, which not only regulates such competition and establishes eligibility rules, but sponsors programs which lead to the recognition of a school as state champion in a particular sport. However, the Interscholastic League's program does not include gymnastics. The Association was formed for the purpose of stimulating interest in the sport of gymnastics and to encourage the "acceptance of competitive gymnastics by the" Interscholastic League. As part of its program, the Association sponsored inter-school competition in gymnastics in the form of dual meets, multi-school meets, district meets, regional meets, and the "Texas High School Championship meet."

Membership in the Association is open to all qualified gymnastic coaches who are employed by an accredited high school in Texas and who are actively interested in advancing the sport of gymnastics. It is the coaches, as distinguished from the schools, who are members of the Association.

Under its constitution, the Association has the power to "establish and direct the general policies as they pertain to the conduct of dual, regional and State gymnastic high school competition until such time that this sport becomes a part of the Texas University Interscholastic League."

Even if it be assumed that the Association, which is essentially an organization of coaches, is sufficiently involved in the operation of the State's public school system to justify classifying its conduct as "state action" (a point which we do not decide), the record before us contains no evidence supporting the conclusion that the challenged rule is unreasonable, capricious or arbitrary. The case does not involve a "suspect" classification. The burden is, therefore, on plaintiffs to show that the rule is invalid as a prohibited discrimination.

There is no showing that the rule was not adopted in the manner required by the Association's constitution. Absent evidence of fraud or collusion, we must uphold the rule unless plaintiffs have shown that the rule in question bears no rational relationship to the achievement of a legitimate purpose. *Parish v. National Collegiate Athletic Association,* 506 F.2d 1028 (5th Cir. 1975).

In determining the reasonableness of a rule governing eligibility of a student to participate in a specific athletic activity, the

Supreme Court of Minnesota has said that the question is whether the rule is ". . . so willful and unreasoning, without consideration of the facts and circumstances, and in such disregard of them as to be arbitrary and capricious. Where there is room for two opinions on the matter, such action is not 'arbitrary and capricious,' even though it may be believed that an erroneous conclusion has been reached." *Brown v. Wells*, 288 Minn. 468, 181 N.W.2d 708, 710–711 (1970).

In *Art Gaines Baseball Camp, Inc. v. Houston*, 500 S.W.2d 735 (Mo.Ct.App.1973), the challenged rule was to the effect that a student who attended a camp specializing in one sport for more than two weeks during the summer would lose his eligibility to represent his school in that particular sport during the following school year. In rejecting a challenge to the validity of the rule by the operator of a summer baseball camp, the Missouri court relied heavily on *Brown v. Wells, supra.*

The rule here challenged, like the rule upheld by the Missouri court, can be said to help prevent inequalities and unfair advantages between students with different economic means, as well as between schools located in areas of different economic wealth. It also can be said to help prevent such unfair advantage between students and schools located in areas where private instruction is available and in areas where the student is limited to such coaching as is offered by the school. At the very least, there is no evidence supporting the conclusion that there is no rational relationship between the rule and the achievement of these purposes, which we consider to be legitimate purposes.

We find no basis for holding the rule invalid. If the Association is viewed as merely a private organization, there is, of course, even less basis for substituting our judgment for that of the members of such private organization. *Scott v. Kilpatrick*, 286 Ala. 129, 237 So.2d 652 (1970); *Robinson v. Illinois High School Association*, 45 Ill. App.2d 277, 195 N.E.2d 38 (1963).

Subdivision 30 provides that whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which "jurisdiction may be so expressly given." Plaintiffs have called our attention to no statute placing venue of this case in Bexar County. The "argument and authority" in plaintiffs' brief under the point urging that venue lay in Bexar County under subdivision 30, is, in its entirety, as follows: "Evidence has been presented that the enforcement of the rule would constitute unfair competition against private clubs." A suit for unfair competition is subject to the general venue laws. *Stone v. English*, 465 S.W.2d 179 (Tex.Civ. App.—Fort Worth, 1971, no writ).

Nor is venue maintainable in Bexar County under subdivision 9. The subdivision permits a suit based "upon a crime, offense, or trespass" to be brought in a county where such crime, offense or trespass was committed. Even if we give to the term "trespass" its broadest possible meaning and treat it as being synonymous with "wrongful act", what we have said concerning the lack of evidence to show that the rule in question is invalid precludes a finding of a wrongful act.

We also sustain the Association's contention that the temporary injunction was wrongfully granted. There being no evidence to show that the rule challenged by plaintiffs is invalid or unenforceable, it follows that plaintiffs have not established a probable right or probable injury. Further, the trial court did not require plaintiffs to post a temporary injunction bond as required by Rule 684, Tex.R.Civ.P. Under these circumstances, the injunction cannot stand. *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970).

The judgment of the trial court is reversed and the temporary injunction is dissolved.

The cause is remanded to the trial court with instructions that the case be transfer-

red to a district court of Tarrant County as provided in Rule 89, Tex.R.Civ.P.