AMERICAN NATIONAL INSURANCE COMPANY, Appellant,

v.

Gregory D. CAVINESS, Appellee.

No. 7066.

Court of Civil Appeals of Texas, El Paso.

May 20, 1981.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, James L. Gallagher, Bryan H. Hall, El Paso, Dibrell, Dibrell, Greer & Brown, Ronald M. Gipson, Thomas W. McQuage, Galveston, for appellant.

Law Office of Robert E. Kennedy, P. C., Robert E. Kennedy, Jess Whittenton, Jr., El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

American National Insurance Company appeals from the overruling of its plea of privilege to be sued in Galveston County in this action for breach of contract brought by Gregory D. Caviness, Appellee. We affirm the judgment of the trial court.

Appellee brought this suit alleging the failure of Appellant to pay him earned commissions under a contract with Appellant in which he served as a general agent or general manager for Appellant in an area of Colorado. It is uncertain whether the contract was entered into in Austin, Texas, or Colorado, but all of Appellee's services were rendered in Colorado over a period of some four years. After Appellee's services had ended, he moved to El Paso where he later brought this suit. It is undisputed that Appellant is a corporation with its principal place of business in Galveston County, Texas, but it has a manager or agent in El Paso County, Texas, where Appellee resides and where this suit was brought.

The trial court found that venue was proper in El Paso under Subdivision 23 of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), which provides in part:

> 23. Corporations and associations.— Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; . . .

We are of the opinion that venue is maintainable in El Paso County under the last provision above quoted.

Under this provision Appellee, as plaintiff, has the burden of establishing by a preponderance of the evidence that he has a cause of action against Appellant. *Texas High School Gymnastics Coaches Association v. Andrews*, 532 S.W.2d 142 (Tex.Civ. App.-San Antonio 1975, writ dism'd); *La Jet, Inc. v. United Petroleum Distributors, Inc.*, 570 S.W.2d 192 (Tex.Civ.App.—Houston (1st Dist.) 1978, no writ); 1 McDonald, *Texas Civil Practice* 518, secs. 4.30.2 and 4.30.3 (1965). Appellant's first point of error is that Appellee failed to prove his alleged cause of action.

■ Appellee alleged that this cause of action was for certain commissions which had accrued and which "have continued to accrue." His contract was introduced in evidence and it provides for commissions to continue to accrue after termination. At the venue hearing, he testified that the Appellant failed to pay these commissions. He testified to continued negotiations with the Appellant to recover these commissions after he had moved to El Paso, and he introduced a letter from Appellant saying that they were to capture commissions until his debt balance with it had been liquidated. "Your indebtedness, all in your "A" account, as of the end of June, was $5,947.57. As soon as this amount has been recaptured, we will pay you your commissions as they become earned." The evidence supports the presumed finding of the trial court that Appellee proved a cause of action against the Appellant. We recognize that the contract has a provision that gives Appellant a lien on an agent's commissions for debts he may owe the company, but this is a defensive matter for the merits of the case which has not been presented in the venue trial.

■ Appellant's second point of error is that there was no evidence that the Appellee's alleged cause of action, or a part thereof, arose in El Paso County and there was no evidence that the Appellee's alleged cause of action arose while Appellee was a resident of El Paso County, Texas. As indicated from the discussion above under point of error one, there was evidence that a part of Appellee's cause of action arose while he was a resident of El Paso County, Texas. We agree with Appellant's position that the evidence will not sustain a finding that that cause of action arose in El Paso County. The first part of Subdivision 23 requires that the cause of action, or a part thereof, arose in the county of suit, but the provision which we have relied on does not contain any such requirement. The San Antonio Court of Civil Appeals makes the distinction in *Texas High School Gymnastics Coaches Association v. Andrews, supra* :

(2) . . .

Plaintiffs can maintain venue in Bexar County against the Association under subdivision 23 only (1) if plaintiffs' cause of action, or a part of such cause of action, arose in Bexar County; or (2) if plaintiffs resided in Bexar County at the time the cause of action arose and the Association has an agency or representative in Bexar County. Under theory (1), plaintiffs are required to prove the existence of a cause of action, part of which, at least, arose in Bexar County. Under theory (2), plaintiffs must prove a cause of action against the Association, irrespective of where the cause of action arose. 1 McDonald, op. cit. Secs. 4.30.2, 4.30.3.

In Section 4.30.3 of McDonald, the statement, is made, "A corporation under certain conditions may be sued in a county where it has an agent or representative, regardless of the locality in which the claim or a part thereof arose." Citing *Texas-Louisiana Power Company v. Wells*, 121 Tex. 397, 48 S.W.2d 978 (Tex. Comm'n App. Section A, 1932, opinion approved). In the cited case, the Commission of Appeals was construing Section 23 as it then existed. That language is so similar to Section 23 as it now exists as to make the ruling applicable to the present reading of Subsection 23. The point of error is overruled.

The judgment of the trial court is affirmed.