**BEACON NATIONAL INSURANCE COMPANY, Appellant,**

v.

**R.C. BYRD, Appellee.**

**No. 13569.**

Court of Appeals of Texas, Austin.

April 27, 1983.

Rehearing Denied June 15, 1983.

Joe E. Shaddock, Wichita Falls, for appellant.

Ralph D. Huston, Kreisner & Howard, Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

This is a plea-of-privilege case. Appellee Byrd brought suit against appellant Beacon National Insurance Company, to recover a fire loss under a homeowners' policy, and for recovery under the Texas Deceptive Trade Practices and Consumer Protection Act for an alleged "false, misleading and deceptive act." The property is located in Borger, Hutchinson County, where the appellee lived with his wife on July 12, 1979, when the policy was purchased. The fire, which occurred on September 9, 1979, seriously damaged the home. Appellee duly filed a proof of loss, but it was not until August 29, 1980, nearly a year later, when appellant wrote appellee advising him that the claim was denied. On that date, and at the time this suit was filed, appellee was domiciled in Travis County, the county where the suit was filed. Appellant filed its plea of privilege, and appellee filed a controverting plea, claiming the venue exceptions contained in Tex.Rev.Civ.Stat.Ann. art. 1995, § 23 (1964), and Tex.Bus. & Com. Code Ann. § 17.56 (Supp.1982). The trial court overruled appellant's plea of privilege, and the insurance company appeals.

Appellant argues five points of error: (1) that the appellee did not own the property in question; (2) that no part of the cause of action occurred in Travis County; (3) that the house was located in Hutchinson County and the fire occurred there, where appellee then lived; (4) that the policy was issued by appellant's agent in Hutchinson County; and (5) that the trial court's judgment was based upon no evidence, insufficient evidence or was against the great weight and preponderance of the evidence. We overrule appellant's points of error and affirm the trial court.

The uncontradicted testimony at the trial established that appellee Byrd and his wife owned the house in question, that they purchased the homeowner's policy at the time they were living in the house in Borger, and that at the time of the fire loss they were living in the house. Apparently, they were away for the evening when the fire occurred. The appellee also proved that he duly submitted a proof of loss to appellant, but appellant waited nearly a year, until August 29, 1980, before denying liability on

the claim.[1] Additionally, appellee testified that he and his wife moved to Austin, and were living in Travis County at the time they were first advised that appellant refused to pay their fire loss, and at the time they filed suit. Appellee argues that either § 17.56 of the DTPA or subdivision 23 of Art. 1995 would apply to sustain venue in Travis County.

Texas Rev.Civ.Stat.Ann. art. 1995, § 23 reads in part as follows:

[s]uits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county....

Under this provision, appellee as plaintiff had the burden of establishing: (1) that he had a cause of action against appellant; (2) that this cause of action, or part thereof, arose at a time plaintiff resided in Travis County; and (3) that appellant had an agency or representative in Travis County. *La Jet, Inc. v. United Petroleum Distributors, Inc.,* 570 S.W.2d 192 (Tex.Civ.App. 1978, no writ); *Travis County Texas High School Gymnastics Coaches Ass'n v. Andrews,* 532 S.W.2d 142 (Tex.Civ.App.1975, writ dism'd), 1 McDonald Texas Civil Practice § 4.30.2 at 598 (1965).

The primary question, therefore, is whether appellee's cause of action, or a part thereof, arose at a time he was residing in Travis County. Since no findings of fact and conclusions of law were requested, this Court must presume that the trial judge found facts on which venue could be sustained in support of this judgment. *See Brazos Valley Harvestone Systems, Inc. v. Beavers,* 535 S.W.2d 797 (Tex.Civ.App.1976, err. dism'd); *Boyd v. Thompson-Hayward Chemical Co.,* 450 S.W.2d 937, 941 (Tex.Civ. App.1970, writ dism'd). Therefore, our review of the trial court's order overruling the plea of privilege must begin with the presumption that the trial court found every issue of fact in support of the judgment. In passing on appellant's no evidence point, we must consider only that evidence most favorable thereto and disregard entirely that which is to the contrary. *Banks v. Collins,* 257 S.W.2d 97 (Tex.1953); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960). When viewed in the light most favorable to the judgment, the evidence here shows that appellee had left Hutchinson County and was residing and had his domicile in Travis County when the appellant finally determined that it would deny liability under the policy, or at least, at the time appellant advised the appellee that the company was not going to pay the fire loss. Although it is not clear when the appellee filed his proof of loss, the testimony indicated one was filed. The eleven month time lag between the date of the fire loss and appellant's notification letter to appel-

---

1. The letter received by appellee is set out below:

August 29, 1980

Mr. Peter M. Kreisner
Attorney at Law
P.O. Box 763
Austin, Texas 78767

RE: Policy No.: NHO 117216
    Insured  :  R. C. Byrd
    D/L     :  9–10–79

Dear Sir:
Recent correspondence from the E.F. Ethridge Claims Service with enclosures of your letter to Mr. Jack Stroup, August 21, 1980, has been received and hereby acknowledged.

The Beacon National Insurance Company does recognize your representation of Mr. and Mrs. R.C. Byrd in regards to a fire loss of September 9, 1979.
This loss was assigned to the E.E. Ethridge Claims Service for proper handling, however in the early stages of investigation there arose many circumstances which required additional investigation. The outcome of these investigative measure have produced evidence of concealment and misrepresentation, plus a question of insurable interest on behalf of the named insured.
The company hereby denies all liability under policy no. NHO 117216 based on their rights under the basic conditions of the policy.
Dave Mayfield

lee's attorney denying the claim can be explained by appellee's apparent willingness to permit the completion of the insurance company's "additional investigation" referred to in the letter set out in the footnote. Thus, this Court must presume from the trial court's order and a reasonable inference therefrom, that the actual breach of the contract did not occur until August 29, 1980, when appellant finally denied the payment under the policy, and at a time appellee had moved his residence to Travis County.

A recent case discussion of what constitutes a "cause of action" or part thereof, is found in *Wade and Sons, Inc. v. Waco Construction, Inc.,* 612 S.W.2d 261 (Tex.Civ. App.1981, no writ), which was a suit for breach of contract for failure to pay for work done by an electrical contractor in Uvalde County against a McLennan County defendant. The Court in reversing the trial court's granting of the plea-of-privilege, stated:

> [a] "cause of action" consists of the factual propositions which establish the primary right of plaintiff (and a corresponding duty on the part of defendant) and defendant's act or omission which violates such right (breach of duty by defendant). This means "that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." (citing *Stone Fort National Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674, 676 (Tex.1936).

In *Stone Fort National Bank of Nacogdoches, supra,* the Texas Supreme Court stated:

> [i]t may be admitted that the terms "cause of action" are sometimes used in a more limited sense, and that where the cause is founded on a contract, the contract itself is denominated the cause of action; but more frequently, and where the terms are used with more precision, the terms embrace a much wider scope, and include, not only the contract, but its performance, if executory, and also the breach of such contract (quoting *Phillio v. Blythe,* 12 Tex. 124 (1854)).

In the case at bar, certainly the two elements necessary for appellant to prove under Subdivision 23, the primary right, which was the contract of insurance, and the part of the transaction relating to the breach of that right, as evidenced by appellee's letter denying liability on the claim, occurred nearly a year later, at a time that appellant was residing in Travis County, the county of suit. Certainly the denial by appellant of payment of this fire loss was part of a transaction that related to the breach of appellee's contractual right. The denial letter addressed to appellee's counsel suggests that there had been a series of negotiations between the parties, and, as stated by the appellant, "many circumstances which required additional investigation," the outcome of which apparently was in doubt until appellant finally denied liability. The letter of denial of appellant's liability on this claim certainly is a part of the transaction that related to the breach of contract, upon which this suit was based.

We therefore hold that appellee proved that his cause of action, or a part thereof, arose at a time when he was residing in Travis County, under Subdivision 23, Art. 1995. We also agree that appellant had an agency or representative in Travis County at that time. The evidence was undisputed that not only did appellant have several independent insurance agents writing insurance policies for it in Travis County, but appellant also maintained a full time "field" representative in Travis County, who serviced and assisted such agents and promoted further writing of appellant's insurance in Travis County.

Because of our disposition of this case, we need not consider whether appellant, under § 17.56 of DTPA had a "fixed and established place of business at the time the suit was brought" in Travis County.

Finding no error, the judgment of the trial court is affirmed.