**REDDICK et al. v. JACKSON et al.**

No. 15006.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 11, 1949.

Rehearing Denied March 11, 1949.

Nelson, Montgomery & Robertson, all of Wichita Falls, and Chaney & Davenport and Francis M. Chaney, all of Dallas, for appellants.

John Merchant, of Amarillo, and Allen, Locke & Kouri and Philip S. Kouri, all of Wichita Falls, for appellees.

HALL, Justice.

Appellees, J. L. Bailey and V. L. McCurdy, sued appellants, J. E. Reddick and J. T. Abbott, in a district court of Wichita County, Texas for damages alleged to have occurred by reason of a motor vehicle wreck.

Roy Harry sued appellants herein for damages growing out of the same transaction. Appellants filed a motion to consolidate the two causes and join third party defendants. After said suits were consolidated, appellants filed their amended original answer and cross action against all of the appellees, seeking damages which they alleged to be due them by reason of the collision. Roy Harry, one of the plaintiffs, is not a party to this appeal.

The case was tried to a jury and upon its answer to certain special issues submitted the court entered judgment denying all parties relief as prayed for in their petitions and cross actions. Both appellants and appellees have perfected an appeal.

The jury found in answer to certain special issues the following: That appellants' driver drove a butane truck on his left hand side of the highway immediately prior to the collision but that it was not within 50 yards of the produce truck owned by appellees at the time it was so driven. That appellants failed to keep a proper lookout; that such failure was negligence and such negligence was a proximate cause of the injury. That appellants failed to keep their truck under proper control; that the same was negligence and was a proximate cause of the injury. That immediately prior to the collision appellees' truck driver was in a perilous position; that appellants' truck driver discovered such perilous position but such discovery was not in time for said appellants' truck driver to avoid the accident. That appellees did not fail to keep their truck under proper control; that they did not fail to keep a proper lookout. That appellees were negligent in driving their truck on the left hand side of the road when it was about to pass appellants' truck from the opposite direction; that the same was a proximate cause of the injury and it was also a contributing cause of the collision in question. That appellees' truck attempted to pass appellants' truck coming from the opposite direction on appellants' left side instead of to the right, that such driving to the left was negligence, was a proximate cause of the collision and was a contributing cause of the collision. That appellants' truck was in a perilous position immediately prior to the collision; that appellees' truck driver discovered the perilous position but that such discovery was too late to avoid the accident.

It can be readily seen that the jury found both parties negligent in the way and manner their trucks were driven, but appellants contend they should recover because appellees failed to plead contributory negligence as against their cross action. We find that appellees in their petition on which they went to trial plead negligence of appellants along the theory submitted to the jury. Appellants did not complain of these issues being submitted to the jury on grounds there were no pleadings and under Rule 274, Texas Rules of Civil Procedure, same was waived. At any rate, since appellees plead negligence against appellants in their petitions it would be useless for them to again plead the same negligence after a cross action had been

filed against them by appellants. We overrule appellants' point No. 1.

Appellants' second and third points are as follows:

Second: "The jury's verdict finding appellants guilty of negligence which proximately caused the collisions on the issues of failure to keep a proper lookout and failure to have their truck under proper control just immediately prior to the collision and at time of the collision were not supported in the evidence in regard to proximate cause of the collision, and not being supported in the evidence it was error for the court to overrule motion for judgment disregarding the said issues."

Third: "The error of the court in failing to enter judgment for Appellees on their motion for judgment, notwithstanding the Jury issue of failing to keep a proper lookout, and failing to have truck under proper control, as the said issues were rendered immaterial as to proximate cause when Appellants, V. L. McCurdy and J. L. Bailey failed to submit their issues of fact raised by the evidence that the Appellees drove their truck on Appellee's side of the road so close to Appellant's truck as to reasonably lead them to believe they were forced to avoid a collision to drive to their left side of road as an avoidance to their admitted fact of attempting to pass on meeting Appellee's truck to their left and driving into Appellee's truck on their left hand side of the road in violation of the law of the road. Such failure to submit the question of driving too close not being requested was an independent ground of recovery and defense, waived by Appellees, although certain elements were submitted, because Appellants objected to the submission of the elements submitted and a failure to submit the element of the issue necessary the same being a question of fact conflicting in the evidence as provided in Rule 279, Rules of Texas Civil Procedure."

We feel sure that appellants intended to use the word "appellants" in the second line of their third point and by so doing the point would then read as follows: "The error of the court in failing to enter judgment for appellants on their motion for judgment * * *".

Appellees' truck driver testified that appellants' truck driver started pulling over on appellees' truck driver's left hand side of the road when about 200 or 300 yards distant. When appellees' truck driver saw appellants' truck driver was going to stay over on appellees' side of the road, appellees' truck driver began to pull over on the left hand side of the road; that appellees' truck driver slowed his speed and blew his horn twice but it did not seem to help any; that appellants' truck driver kept coming on appellees' truck driver's side of the road. When appellees' truck got even with appellants' truck, appellants' truck driver turned his truck immediately in front of appellees' truck and then the accident occurred.

 Appellees contend in their cross assignments that this cause should be reversed and rendered in their favor for the amount the jury found to be their damages, because appellants' truck driver testified in substance that he could have stopped his truck within 50 ft. or 75 ft., which was the distance between the two trucks when he first saw appellees' truck approaching his truck from the left hand side of the road. We find said truck driver further testifying in substance as follows: Instead of applying his brakes he tried to go faster and leave the highway in order to run past appellees' truck before it got on his side of the road; that he left the highway on his right hand side of the road; that he was never on his left hand side of the road. This testimony in our opinion merely presents a jury question. McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901; Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742; American General Ins. Co. v. Fort Worth Transit Co., 201 S.W.2d 869; 10 Blashfield's Cyc. Automobile Law and Practice, Perm.Ed., §§ 6599 and 6608.

 We have read a major portion of the 399 page statement of facts, have studied the pleadings and have come to the conclusion that the trial court did not err in denying all parties a right of recovery. Judgment of the trial court is affirmed.