## MOORE v. LONG.

### No. 2839.

Court of Civil Appeals of Texas. Eastland.
Dec. 1, 1950.

Frank Sparks, Eastland, Y. W. Holmes, Comanche, for appellant.

Callaway & Fanning, Comanche, for appellee.

LONG, Justice.

Appellee Joe A. Long sued Roy Moore, appellant, for damages alleged to have been sustained by him on account of a breach of a rental contract covering a farm owned by Moore and leased by Long for the crop year of 1949. Long alleged that before he had harvested the crop, Moore ousted him from the premises, took over the farm, finished the crop and harvested the same.

Moore alleged in his answer that a full settlement agreement between himself and Long had been made and that he had paid Long the agreed settlement price of $35.00 and cancelled certain debts due by Long to him. Based upon jury findings to special issues submitted, the court entered judgment against Moore for $304.50. From this judgment Moore has appealed.

■ Appellant's first point is as follows: "The Court committed fundamental error, when after the jury had been out for many hours and came into Court, and through their Foreman, asked the Court whether, if they answered Special Issue No. 1 'Yes', would such answer end the case and whether or not they would have to go on and answer the other questions, and the Court promptly answered them from the bench that if they made such answer, they need not answer the others, thereby informing the jury of the effect of an affirmative answer of Issue No. 1."

This case is before us without bills of exception or statement of facts. Appellant presented the above matter upon which his point is based in his motion for a new trial. However, there is no bill of exception in the record covering the matters about which complaint is made. This point cannot be considered for the reason that no formal bill of exception was reserved and the court does not certify to the alleged happening. City of Denton v. Chastain, Tex.Civ.App., 156 S.W.2d 554; Copeland v. Porter, Tex.Civ.App., 169 S.W. 915; Prescott v. Metropolitan Life Ins. Co., Tex. Civ.App., 129 S.W.2d 821.

■ Appellant's second point is as follows: "The Court committed fundamental error in giving instruction in connection with Special Issue No. 2 to the effect that the jury should consider any sums paid out for Long and any debts Moore assumed and agreed to pay and all expenses reasonably and necessary in the harvesting and marketing of the crop, and deduct same from the sale price of the produce, etc., and then divide the remainder and give Plaintiff judgment for one-half of the remainder because Plaintiff's Pleadings alleged a total of $574.49, to be deducted from the sale

price of the produce, and instructions should be limited to the pleading."

We find no exception to the court's charge in which the matters complained of in the above point are called to the attention of the trial court. 274, Rules Civil Procedure, provides that a party objecting to the court's charge must point out distinctly the matter to which he objects and the grounds on which he objects and that any complaint as to an instruction, issue, definition or explanatory instruction on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections. If the instruction given by the court is erroneous, appellant waived this error by not timely objecting thereto. Safety Casualty Co. v. Link, Tex.Civ.App., 209 S.W.2d 391; Edwards v. Strong, 147 Tex. 155, 213 S. W.2d 979; Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420; Reddick v. Jackson, Tex. Civ.App., 218 S.W.2d 212; Lovejoy v. Mutual Broadcasting System, Tex.Civ.App., 220 S.W.2d 308; Fisher v. Leach, Tex.Civ. App., 221 S.W.2d 384.

We find no reversible error in either of the points presented and they are overruled.

The judgment of the trial court is affirmed.