**Jane K. BURGAMY, Appellant,**

v.

**Rex LAWRENCE, Appellee.**

**No. 15066.**

Court of Civil Appeals of Texas, San Antonio.

April 26, 1972.

William M. Porter, San Antonio, for appellant.

Loyd E. Bingham, Jr., House, Mercer, House & Brock, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit by Jane K. Burgamy, appellant, against Rex Lawrence, appellee, for recovery of damages sustained by reason of an automobile accident which oc-

curred in a private parking lot. Trial was to a jury which found appellee guilty of several acts of primary negligence proximately causing the accident in question,[1] but also found appellant guilty of contributory negligence proximately causing the occurrence in question.[2]

Appellant filed a motion for judgment non obstante veredicto requesting the court to disregard the jury's answers to Special Issues Nos. 9, 10 and 11, which was denied by the court, and judgment was entered that appellant take nothing.

We first consider appellant's point of error that there are no pleadings upon which Special Issues Nos. 9, 10 and 11 could be predicated. The record contains no objections or exceptions to any of the pleadings of appellee. The record does contain appellant's exceptions and objections to the charge of the court, but nowhere therein is there any objection or exception on the basis of insufficiency or lack of pleadings.

■ Any complaint as to an instruction, issue, definition, or explanatory instruction, on account of any defect, omission, or fault in pleading is waived unless specifically included in an objection which points out distinctly the matter objected to and the ground of the objection. Rules 272, 274, Texas Rules of Civil Procedure; Hodges, Special Issue Submission in Texas, Complaints of the Charge, Section 58, p. 147 (1959); Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979 (1948); Frozen Foods Express v. Odom, 229 S.W.2d 92 (Tex.Civ.App.—Eastland 1950, writ ref'd n. r. e.). It is well settled that a defect in a charge is not available as a basis for reversal unless the record shows that the trial judge was given an opportunity to remedy the defect or correct the mistake. Rosenthal Dry Goods Co. v. Hillebrandt, 7

S.W.2d 521 (Tex.Com'n App.1928); Fisher v. Leach, 221 S.W.2d 384 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.). Where a case has been tried without objection upon the theory that the answer of the defendant was sufficient to join issues on the facts which were contested upon the trial, an objection that it was insufficient for that purpose cannot be made for the first time in the appellate court. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1944); Texas Employers' Insurance Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858 (1938). Defective pleadings or an entire lack of pleadings may be waived. Bednarz v. State, supra; Reddick v. Jackson, 218 S.W.2d 212 (Tex.Civ.App.—Fort Worth 1949, no writ); Hodges, Special Issue Submission in Texas, supra, p. 149.

■ Under the record before us appellant has waived any defect with regard to the pleadings, and appellant's Point of Error No. 4 is overruled.

Appellant by three points of error asserts that there was no duty, either statutory or common law, for her to drive on the right hand side of the parking lot driveway or to drive in any manner other than that in which she was driving; that there is no lawful definition of a parking lot driveway, and none can be given; and that the jury's answer under which appellant was found guilty of contributory negligence is not reconcilable with the jury's answers to the special issues in which appellee was found guilty of primary negligence proximately causing the accident. In support of such contention, appellant asserts that the parking lot driveway contains no visible center line or marker, and such area is unmarked and undefined and that therefore, she was under no duty to drive in any manner other than which she was driving.

---

1. The jury found that appellee negligently moved his vehicle from a stopped position; that he failed to make a timely application of his brakes; that he failed to keep a proper lookout; and that these acts were a proximate cause of the occurrence in question.

2. In answer to Special Issues Nos. 9, 10 and 11, the jury found that appellant was operating her automobile on the left hand side of the parking lot driveway; that this action was negligence, and was a proximate cause of the occurrence in question.

Appellant further asserts that even if she was driving on the left hand side of the parking lot driveway, appellant could not reasonably foresee that an accident of the nature which occurred would occur; and that such could not be a proximate cause of the occurrence.

We find no merit in appellant's contentions. A disinterested eye witness testified that appellant was driving in an easterly direction on the left hand side of the parking lot driveway; that she was in the lane of traffic that would normally be used by westbound traffic traveling on such parking lot; that there are two driving lanes and there is plenty of room for two cars, one going east and one going west; that if you are traveling east you travel on the right side; and that appellee had barely started moving at the time of collision and had backed out less than three or four feet. Appellee testified that he had just begun to back out; that he looked both ways, but that he had to move back four or five feet before he could look to the east because of cars parked on both sides of him; and that there are two lanes of traffic, and that there is approximately twenty-five or thirty feet between the two aisles of parking.

The jury had before it two photographs of the parking lot area involved which were introduced into evidence by appellant. There is also considerable testimony in the record on the basis of a diagram of the area drawn on the blackboard. Unfortunately, such diagram is not before us, and the jury had the opportunity to better determine the confines and circumstances of the area involved from such photographs and diagram.

■■ The term "negligence" means the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the fail-

ure to do that which a person of ordinary prudence would have done under the same or similar circumstances. Thompson v. Gibson, 156 Tex. 593, 298 S.W.2d 97, 105 (1957); 40 Tex.Jur.2d, Negligence, Section 1. There is no essential difference between negligence that holds the defendant responsible, and contributory negligence that defeats the plaintiff's recovery, the standards and tests for determining contributory negligence ordinarily being the same as those for determining negligence, and generally the same rules of law are applicable for both. Both terms have reference to a failure to exercise ordinary care. Walgreen-Texas Company v. Shivers, 137 Tex. 493, 154 S.W.2d 625, 630 (1941); Forth Worth & Denver Railway Co. v. Barlow, 263 S.W.2d 278 (Tex.Civ. App.—Fort Worth 1953, writ ref'd n. r. e.).

■ Although appellant makes much of the fact that a private parking lot driveway was here involved, and not a public road or street, we think, in the absence of applicable statutes, the same general rules are applicable in determining whether a person is negligent or contributorily negligent.[3]

■ The essential inquiry is whether appellant acted as a reasonably prudent person would have acted under the same or similar circumstances. With regard to proximate cause, all that is necessary to establish that an actor's negligent act is a proximate cause of an injury is proof that as a person of ordinary intelligence and prudence, he should have anticipated the danger to others created by his negligent act, and it is not necessary that he anticipate just how injuries will grow out of that dangerous situation. Biggers v. Continental Bus System, 157 Tex. 351, 303 S. W.2d 359 (1957); Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110 (1939).

3. "In the United States it has always been customary for drivers to operate their vehicles on the right hand side of a roadway. Numerous statutes have enacted that universal custom into law. The custom itself has established a standard of due care to which all drivers should be required to conform." Sills v. Forbes, 33 Cal.App.2d 219, 91 P.2d 246, 251 (4th Dist., 1939).

We feel that appellant, as a person of ordinary prudence, should have anticipated that by her act of driving down the parking lot driveway on the left hand side and in the direction opposite to the flow of normal traffic, an accident of the nature here involved reasonably could have occurred. The jury's answers that appellant was driving on the left hand side of the parking lot area, that this was negligence, and was a proximate cause of the occurrence in question, are sufficiently supported by the evidence, and the court properly entered a take-nothing judgment on the basis of such jury findings.

The judgment of the trial court is affirmed.

CADENA, J., concurs in the result.