Bobby J. LONG, Appellant,

v.

Robert Wade BROWN, Appellee.

No. 20137.

Court of Civil Appeals of Texas, Dallas.

Dec. 21, 1979.

Rehearing Denied Feb. 7, 1980.

J. Kenneth Kopf, Bedsole & Bird, Dallas, for appellant.

C. Freeman Stallings, Jr., Dallas, for appellee.

Before AKIN, CARVER and HUM-PHREYS, JJ.

CARVER, Justice.

In this suit for breach of a contract for the sale of real estate, the trial court awarded the purchaser, Robert Brown, $20,-000 for his loss of the "benefit of his bargain." The seller, Bobby J. Long, contends on this appeal that this measure of damages is incorrect and that under the correct measure, Brown suffered no damage. We agree, and, consequently, we reverse and render judgment in favor of Long.

The property was acquired by Long before September 1978. The Greenville Avenue Bank and Trust of Dallas financed the purchase with a loan secured by a mortgage lien of approximately $60,000. The bank also loaned Long money for other purposes. The deed of trust contained a "dragnet" clause which made the real estate in question security for both debts. Long later encountered financial difficulties and was unable to meet his obligations to the bank. In September 1978, Long contacted Michael D. Anderson, a realtor, in an effort to sell the realty in order to avoid a threatened foreclosure. Anderson, in turn, contacted Brown. Anderson informed Brown of the circumstances under which the property was offered for sale, and he offered to buy the real estate for $70,500. On September 14, Long executed a contract for sale wherein he warranted that he would convey "good and marketable title." Brown later signed the contract and gave Anderson a personal check in the amount of $500 as earnest money. Both the contract and the check were retained by Anderson. Subsequently, the bank informed Long that the contract price of $70,500 was insufficient to extinguish the lien because of the additional debt secured under the "dragnet" clause. The bank refused to release its lien, thereby preventing Long from conveying "good and marketable title" to the property under the lien. Brown sued Long for specific performance of the contract or, in the alternative, damages in the amount of $20,000. The trial court, sitting without a jury, found in Brown's favor and awarded him

$20,000 in damages, but denied specific performance.

 Long's principal point of error is that the trial court, in awarding damages in the sum of $20,000, applied the wrong measure of damages. Long claims that any recovery due Brown is limited to the return of the purchase money, i. e., the uncashed $500 earnest check. We agree. Generally, the measure of damages for breach of contract to sell real estate is the difference between the contract price and the market value of the property at the time of the breach. *Broady v. Mitchell*, 572 S.W.2d 36, 42 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Roselawn Cemetery, Inc. v. Martin*, 415 S.W.2d 442 (Tex.Civ.App.—San Antonio 1967, no writ); *Best Building Co. v. Sikes*, 394 S.W.2d 57, 61 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.); *Elliott v. Henck*, 223 S.W.2d 292 (Tex.Civ.App.—Galveston 1949, writ ref'd n.r.e.). In these cases, however, the vendor had the ability to perform the contract, but was *unwilling* to do so. In the case at bar, Long was not unwilling, nor did he refuse, to complete the contract. Rather, he was *unable* to close as the bank would not release its lien so as to allow Long to convey "good and marketable" title. Where a seller is unable to make title, in the absence of fraud, the correct measure of damages available to the purchaser is the return of the purchase money paid, plus interest. *Nelson v. Jenkins*, 214 S.W.2d 140, 143 (Tex.Civ.App.—El Paso 1948, writ ref'd); *Eagle Pass Lumber Co. v. The Amortibanc*, 124 S.W.2d 186, 187 (Tex.Civ.App.—San Antonio 1939, no writ); *Herbert v. Denman*, 44 S.W.2d 441, 443 (Tex.Civ.App.—Texarkana 1931, writ ref'd); *Kelly v. Simon*, 262 S.W. 202, 204 (Tex.Civ.App.—San Antonio 1924, writ dism'd); *Roberts & Corley v. McFaddin, Weiss & Kyle*, 32 Tex.Civ.App. 47, 74 S.W. 105, 110 (1903, no writ).

The contract between Long and Brown contemplated Brown's $500 down payment would be deposited with the title company and credited to the purchase price. The record reflects Brown's check for $500 was delivered to Anderson, the realtor, and nev-

er cashed or deposited by anyone. Brown has not been denied the possession or use of his $500 and has suffered no damage. No relief was sought for the return or cancellation of the uncashed check.

Reversed and Rendered.