**FEDERAL PARTS CORPORATION,**
**Appellant,**

v.

**ROBERT BOSCH CORPORATION,**
**Appellee.**

No. 18289.

Court of Civil Appeals of Texas,
Fort Worth.

July 17, 1980.

Rehearing Denied Sept. 11, 1980.

Jack N. Price, Austin, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, and S. G. Johndroe, Jr., Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

This is a suit on a sworn account filed in accordance with Tex.R.Civ.P. 185. The defendant did not file a sworn answer but did file an affirmative defense alleging that the transaction giving rise to the sworn account was in violation of the Texas antitrust statutes, Tex.Bus. & Comm.Code Ann. sec. 15.01 et seq. (1968) and Tex.Const. art. 1, sec. 26, and therefore the account was unenforceable and void. The defendant did not plead with particularity but used general terms only as permitted by Tex.R.Civ.P. 45. It also filed an "Open and Close Admission" under Tex.R.Civ.P. 266. The trial court granted plaintiff's motion for instructed verdict for the amount of the sworn account and by agreement, heard evidence concerning attorney fees and rendered judgment thereon.

We reverse and remand.

Federal Parts Corporation initially brought suit against Robert Bosch Corporation under federal antitrust statutes in federal court. Later, when Bosch filed this suit on a sworn account, it was removed to federal court and later remanded back to the state court. Federal filed no sworn answer but did file an affirmative defense alleging illegality. Federal's answer was:

"The claims made in this suit are void, uninforceable (sic), and uncollectible, having arisen out of transactions in violation of the antitrust laws of the State of Texas as embodied in the provisions of Texas Statutes and the Texas Constitution, prohibiting monopolies and restraints of trade."

Bosch filed no special exceptions to this answer nor did it raise any objection that the answer was unsworn.

The case was set for trial to a jury. Before the trial commenced Federal filed an "Open and Close Admission" in accordance with Tex.R.Civ.P. 266 wherein it admitted that Bosch was "entitled to recover as set forth in its petition except in so far

as it may be defeated in whole or in part by the allegations of defendants' answer . . . ."

The parties announced ready for trial. A jury panel was present but the jury had not been selected and sworn when Bosch moved for an instructed verdict and to sever the question of attorney fees. The motion was granted and the parties then agreed to submit the question of attorney fees to the court. Judgment was then rendered for Bosch for the full amount of its sworn account plus attorney fees, interest and costs.

■ Federal contends that the trial court erred in directing a verdict in favor of Bosch because this denied Federal the right to present evidence and secure findings on its affirmative defense of illegality. Bosch contends that the judgment is correct because in the absence of a sworn denial a sworn account under Tex.R.Civ.P. 185 is *prima facie* evidence of the claim sued upon without the necessity of further proof. Moreover, Bosch argues, Federal admitted the claim in its "Open and Close Admission". Bosch also claims that the pleading of illegality was in general terms and therefore cannot be considered by the trial court.

2 McDonald, Texas Civil Practice sec. 7.31 (1970 Rev.) correctly states that Tex.R. Civ.P. 185 is applicable here.

"This rule is appropriately classified as a rule of evidence. In the absence of a sworn denial meeting the requirements of the rule, the account is received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges. But a failure to deny the account under oath does not bar the defendant from defending on other grounds. Upon proper pleadings, he may show that the plaintiff does not own the account, that the person purporting to bind the defendant was without authority, that the account is barred by limitations, or any other defense which does not put in issue the itemization of the claimed debt. The defendant also may interpose a counterclaim."

We hold that Federal did raise an affirmative defense of illegality by its unsworn answer and that this affirmative defense meets the requirements of Tex.R.Civ.P. 185.

Under the statute that is now incorporated into Tex.R.Civ.P. 185, a defendant was permitted to interpose an affirmative defense of illegality arising out of violations of antitrust statutes despite having filed only an unsworn answer to a verified account. *McConnon & Co. v. Klenk*, 11 S.W.2d 222 (Tex.Civ.App.–Waco 1928, no writ). In that case the court held that the defendant was permitted to prove any defense going to the foundation of plaintiff's right to recover any part of the account, where the account sued upon was in violation of the antitrust laws and therefore void and unenforceable. It is the identical situation which we find in the present case. We hold that Federal was entitled under its pleadings to prove its allegations that the sworn account sued upon arose out of a series of transactions in violation of the antitrust statutes of Texas.

■ Bosch also contends that Federal's pleadings of illegality are in terms that are general and therefore cannot be considered by the court. Allegations of antitrust violations must be pleaded "with particularity". *Ford Motor Co. v. State*, 142 Tex. 5, 175 S.W.2d 230, 233 (1943); *Gordon v. Busick*, 203 S.W.2d 272 (Tex.Civ.App.–Galveston 1947, no writ). These cases hold that the pleadings must be averred with the same certainty as would be required in an indictment in a criminal case due to the penalty nature of the antitrust laws. This pleading standard appears equally applicable where the state or a private party brings an antitrust suit or defends thereon. However, in the cases, cited the pleadings were challenged by special exceptions.

■ Even though particularity is required, the failure of a party charged with an alleged antitrust violation to complain of such a defect can result in a waiver of any complaint about the lack of particularity. *Burgamy v. Lawrence*, 480 S.W.2d 38, 40 (Tex.Civ.App.–San Antonio 1972, no writ); *M. W. Fruit Co. v. Bierbauer*, 216 S.W.2d 831 (Tex.Civ.App.–San Antonio 1949, writ

ref'd n.r.e.). In the case before us Bosch filed no special exceptions to defendant's affirmative defense and did not complain of any defects in Federal's pleadings prior to its motion for instructed verdict. We hold that Bosch waived any complaint relative to such defects and cannot raise that defect on appeal.

Tex.R.Civ.P. 45 provides that defendant's grounds of defense can be stated in plain and concise language and if the pleadings are evidentiary or be of legal conclusion, this shall not be a ground for objection when fair notice to the opponent is given by the allegations as a whole. Since Bosch filed no special exceptions and made no objections to the pleadings, it waived the objections.

Finally, a contract or transaction in violation of the antitrust statutes is void and unenforceable. *Climatic Air Distrib. of So. Tex. v. Climatic Air Sales,* 162 Tex. 237, 345 S.W.2d 702 (1961). Accordingly, Federal was entitled to proceed with its affirmative defense on the legal theory of antitrust violations committed by Bosch. This could have the effect of defeating Bosch's sworn account. In denying Federal the right to this, the trial court erred. We sustain Federal's first point of error.

Judgment in its entirety is reversed and remanded.