Robert W. WATSON and Watson Land and Cattle Company, Appellant,

v.

Stephen BETTINGER and Anna Margaret Bettinger, Appellee.

No. 2–83–053–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 7, 1983.

Rehearing Denied Oct. 12, 1983.

Albert C. Ross, Deborah K. Hartley, Bagby, Ross, DeVore & Arnn, Arlington, for appellant.

J. Marshall Gilmore, Davison & Gilmore, Hurst, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

Robert W. Watson, the builder, entered into a sales contract for the sale of a residence. The contract was not consummated and the purchasers brought suit alleging violations of the Texas Deceptive Trade Practices Act. Watson appeals from an adverse judgment.

Judgment affirmed.

Watson's points of error allege no evidence and insufficient evidence to support the answers of the jury to certain special issues, requiring a brief recitation of the testimony.

Watson had been in the residential and commercial construction business for a number of years. In 1977, he constructed the residence which is the subject of this lawsuit. Prior to completion of construction, problems developed with shifting of the foundation due to soil conditions. Repairs were made and the construction completed, but similar problems occurred again and existed at the time Watson agreed to sell the house to the Bettingers.

There were never any personal negotiations between the Bettingers and Watson, and all dealings were made through real estate agents. On May 11, 1978, a written

sales contract was the product of the negotiations. The contract provided for a sales price of $44,500.00, earnest money deposit of $500.00, and a closing date of June 30, 1978. The contract also contained special provisions which play a significant part in this case and are as follows:

Latent defects to be completely repaired. Where bricks are cracked, bricks are to be replaced, roof line over garage to be straightened, all cracks inside and outside of home to be repaired. Purchaser reserves right to inspect property with builder prior to closing. Seller to furnish Purchaser with Buyers Ten Year Protection Plan as sponsored by the National Association of Home Builders, and known as HOW, at time of closing. Purchaser to be furnished with a copy of the Foundation Engineer's report prior to closing. Parties to be aware that the closing date is very important as time is of the essense [sic] for the purchaser to give sufficient notice to his landlord of his intent to vacate.

There was testimony that Watson attempted to make the repairs provided for in the contract, but was unable to complete them. The closing date of June 30, 1978, came and passed, and the HOW warranty was never provided. The Bettingers filed suit alleging breach of contract and violation of the Texas Deceptive Trade Practices Act (DTPA).

Trial was to a jury. The breach of contract cause of action was dropped, and in answer to special issues, the jury found that Watson represented the house had characteristics, or qualities, or approval it did not have; that Watson made an express warranty to repair the house; that the misrepresentation and failure to repair were producing causes of $7,500.00 in damages and a $3,000.00 attorney fee for the trial. Judgment was rendered for treble damages of $22,500.00 and $3,000.00 attorney's fee.

Watson presents nine points of error. Points of error one and two allege there was no evidence and factually insufficient evidence that Watson ever made any representations at all to the Bettingers, or that

Watson ever falsely represented that the house had been repaired, or that Watson failed to furnish the Bettingers with a HOW warranty at time of closing. Point of error three alleges there was no evidence Watson represented the house had characteristics, or qualities, or approval which it does not have, and the trial court should have granted his Motion for Judgment Non Obstante Verdicto and Motion for New Trial.

In considering no evidence points of error, it is the obligation of this court to review only the evidence which tends to support the findings, and we must give effect to all reasonable inferences that may be drawn properly from the findings, and we must disregard all contrary or conflicting evidence. *Tom Benson Chevrolet, Inc. v. Alvarado,* 636 S.W.2d 815 (Tex.App.— San Antonio 1982, writ ref'd n.r.e.).

When factual insufficiency points of error are raised, it is the obligation of this court to examine all the evidence, including any evidence contrary to the findings of the jury to the special issues. If the evidence supporting the findings is so weak or the evidence to the contrary is so overwhelming that the findings should be set aside, then a new trial should be ordered; however, if the evidence does support the findings of the jury, then we must affirm the judgment. *Tom Benson Chevrolet, Inc., supra.*

As appellant points out, there were never any negotiations between the parties themselves. We must therefore look to the contract itself to determine if it is sufficient to justify the answers of the jury. The contract provides that latent defects are to be completely repaired, cracked bricks replaced, straighten roof line over garage, repair all cracks, and furnish HOW warranty.

There is no question that Watson attempted to repair the house. He contends that since some repair work was done, that his obligation under the contract was satisfied, even though the repairs were not successful. He also contends that the house is

incapable of being repaired, and therefore he is relieved of his obligation to do so.

■ Regardless of lack of personal negotiations or representations, ease or difficulty of repairs, it still remains unquestioned that Watson agreed to make the necessary repairs and furnish the HOW warranty. Such agreement is a representation that the repairs are capable of being performed within the time specified. The representations proved to be untrue and sufficient evidence exists in the record to justify the answers of the jury to the special issues involved. Appellant's points of error one, two, and three are overruled.

In answer to special issue number five, the jury found that the house in question was not repaired. Appellant's points of error four and five contend there was no evidence and factually insufficient evidence that Watson failed or refused to make repairs to the house. Point of error number six alleges that since there was no such evidence, the court should have granted Watson's Motion for Judgment Non Obstante Verdicto and his Motion for New Trial.

■ Appellant's argument apparently is that since he made attempts to repair the house in question, he cannot be found to have breached a warranty to repair. Appellant cites several cases holding that a warranty to repair cannot be breached until a needed repair exists, is brought to the attention of the warrantor, and he fails to furnish the necessary repairs. We agree with the holdings in those cases, but the fact situation in the instant case is different.

Watson contracted to make certain repairs. He tried, apparently in good faith, to make the repairs he represented he would make, but unfortunately was unable to do so. It remains established that the repairs contemplated by the contract were not made. There is sufficient evidence in the record to justify the answer of the jury to special issue number five. Appellant's points of error four, five, and six are overruled.

Points of error seven, eight, and nine are directed to the jury findings on damages. Number seven contends that since the Bettingers abandoned their cause of action based on breach of contract, there was no recognizable measure of damages available and the court should have granted Watson's motion for instructed verdict. Number eight alleges no evidence, and factually insufficient evidence to support the $7,500.00 damages found by the jury. Number nine contends the only evidence of damages is not supported by the pleadings.

■ The damage issue submitted to the jury simply inquired what amount of money would compensate the plaintiffs for their damages, if any. The jury answered with the sum of $7,500.00. Even though the breach of contract action was abandoned, the Bettingers were entitled to have the jury find their damages under the DTPA if the pleadings and evidence justified such submission.

In their last pleading, the Bettingers alleged their damages to be $23,850.00, the difference between the contract price ($44,500.00) and the value of the property on February 13, 1979, the date of Watson's breach. John Marin, a real estate broker, testified that if repaired, the house would have had a value of $55,000.00 on June 30, 1978. Stephen Bettinger testified the house should have been worth $56,000.00 after the repairs. Watson testified the house would have sold for $48,000.00 in the summer of 1978 if it had no problems.

■ It is apparent that the testimony as to date of value is at variance with the value date alleged. No objection was made as to the testimony on the basis that the value date differed from the date pled. Any error in the admission of such testimony was waived. *Burgamy v. Lawrence*, 480 S.W.2d 38 (Tex.Civ.App.—San Antonio 1972, no writ). We note that Watson himself testified as to value on such date. There is sufficient evidence to justify the answer of $7,500.00 made by the jury.

The record fails to reveal any objection to the damage issue that was submitted to the

jury, and Watson cannot now object to the form of the issue. *Tom Benson Chevrolet, Inc., supra.*

Appellant contends that the Bettinger's damages should be limited to a return of the earnest money, and cites *Long v. Brown,* 593 S.W.2d 371 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) in support of such contention. *Long* was a suit for breach of contract. As seller, Long agreed to sell certain real estate to Brown. Long was unable to convey good and marketable title because his mortgagee would not release its lien unless it was paid more than the sale proceeds. On appeal, it was held that where a seller is unable to make title, in the absence of fraud, the correct measure of damages is the return of the purchase money paid, plus interest. *Long* also holds that generally the measure of damages for breach of contract to sell real estate is the difference between the contract price and the market value of the property at the time of the breach.

 The contention is that since Watson was unable, though willing, to complete the contracted repairs, the holding in *Long* should be applied and damages limited to return of earnest money and interest. We understand the logic of such contention, however, we note that *Long* was a common law action for breach of contract. The instant case is a statutory cause of action under the DTPA; to limit the Bettinger's damages to return of their earnest money would deprive them of their right to recover their actual damages as provided for by the act and as found by the jury.

Appellant's points of error seven, eight, and nine are overruled.

The Bettingers, by a cross point of error, complain of the jury's answers to the special issue on attorney's fees. Special issue number eight had four subdivisions. Subdivision a. inquired as to a reasonable attorney fee for trial of the case, and the jury answered "3000—". Subdivisions b., c., and d. inquired respectively as to attorney's fees if appealed to Court of Appeals, application for writ of error to the Supreme Court of Texas, and granting of such writ of error.

These last three subdivisions were each answered, "–0–".

The only testimony presented with regard to attorney's fees came from the Bettinger's attorney. He testified as follows to the four subdivisions: a. $6,024.50, b. $2,000.00, c. $1,000.00, and d. $1,000.00. The attorney was cross-examined as to time spent on the abandoned breach of contract cause of action, and as to research under b., c., and d. that had already been done under a.

 We note that the jury awarded about one-half what the attorney testified to under a. There is no question that some amount of attorney's fees would be applicable under b., c., and d., but the witness failed to convince the jury of what would be reasonable fees under these subdivisions. It is not proper for this court to now substitute itself for the jury.

Appellee's cross point of error is overruled.

Judgment affirmed.